53 F.3d 659
 David W. STURGES, as personal representative of the estate
of Robert Erik Schuck-Kolben; Gerhard P.
Schuck-Kolben; Jacqueline L.
Schuck-Kolben, Plaintiffs-Appellants,
v.
Glenn MATTHEWS, in his individual capacity and in his
official capacity as a Lexington County Deputy Sheriff;
James R. Metts, in his individual capacity and in his
official capacity as Lexington County Sheriff; Lexington
County, South Carolina, Defendants-Appellees.
David W. STURGES, as personal representative of the estate
of Robert Erik Schuck-Kolben; Gerhard P.
Schuck-Kolben; Jacqueline L.
Schuck-Kolben, Plaintiffs-Appellees,
v.
Glenn MATTHEWS, in his individual capacity and in his
official capacity as a Lexington County Deputy
Sheriff, Defendant-Appellant,
and
James R. Metts, in his individual capacity and in his
official capacity as Lexington County Sheriff;
Lexington County, South Carolina, Defendants.
 Nos. 94-2088, 94-2159.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 4, 1995.
Decided May 30, 1995.
 
 ARGUED: Robert Y. Knowlton, Sinkler & Boyd, P.A., Columbia, SC, for appellants. Andrew Frederick Lindemann, Ellis, Lawhorne, Davidson & Sims, P.A., Columbia, SC, for appellees. ON BRIEF: Palmer Freeman, Jr., Virginia L. Vroegop, Sinkler & Boyd, P.A., Columbia, SC, for appellants. William H. Davidson, II, Ellis, Lawhorne, Davidson & Sims, P.A., Columbia, SC, for appellees.
 Before ERVIN, Chief Judge, and NIEMEYER and MOTZ, Circuit Judges.
 Affirmed by published opinion. Judge MOTZ wrote the opinion, in which Chief Judge ERVIN and Judge NIEMEYER joined.
 OPINION
 MOTZ, Circuit Judge:
 
 
 1
 David W. Sturges, as personal representative of the estate of Robert Erik Schuck-Kolben, Gerhard P. Schuck-Kolben, and Jacqueline L. Schuck-Kolben, appeals from the district court's dismissal of his state and federal law claims against Lexington County, South Carolina; James R. Metts, in his individual capacity and in his official capacity as Lexington County sheriff; and Glenn Matthews, in his official capacity as Lexington County deputy sheriff. Sturges also appeals from a jury verdict in favor of Matthews in his individual capacity. Matthews has filed a conditional cross-appeal from the district court's denial of his motion for judgment as a matter of law on his claim for qualified immunity. Finding no reversible error, we affirm.
 
 I.
 
 2
 On the morning of June 16, 1991, the appellant's decedent, Robert Erik Schuck-Kolben, died from injuries sustained in an automobile accident. Earlier that morning, after having failed to stop for a speeding offense, the decedent led Lexington County law enforcement officers on a high-speed chase. Matthews, a deputy sheriff, pursued the decedent in his patrol car, which was equipped with a steel-enhanced "vehicle assist bumper" extending fifteen inches beyond the regular bumper. After closely following the decedent for approximately two miles, Matthews' patrol car collided with the rear of decedent's vehicle. Shortly thereafter, decedent lost control of his vehicle and crashed into a telephone pole. He died at the scene.
 
 
 3
 Sturges brought this action alleging various constitutional causes of action pursuant to 42 U.S.C. Sec. 1983 and related state law tort claims against the defendants. The district court dismissed the claims against Lexington County and its sheriff, James R. Metts, and against Matthews in his official capacity as deputy sheriff. Sturges' remaining claim against Matthews in his individual capacity for excessive force under 42 U.S.C. Sec. 1983 proceeded to trial, where Sturges contended that Matthews "intentionally wantonly or recklessly" rammed the decedent's car causing the decedent to lose control of his car and crash. Deputy Matthews, on the other hand, contended that the collision was an accident and that the decedent subsequently regained control of his car, attempted to turn left, and lost control of the car as a result. The jury subsequently returned a special interrogatory verdict against Sturges in which it concluded that Matthews, "while acting under color of state law," did not "intentionally or willfully seize[ ]" the decedent. Judgment was entered in favor of Matthews, and this appeal followed.
 
 II.
 
 4
 Sturges' principal claim on appeal is that the district court erred in instructing the jury with respect to the definition of a "seizure" under the Fourth Amendment. A judgment will be reversed for error in jury instructions "only if the error is determined to have been prejudicial, based on a review of the record as a whole." Wellington v. Daniels, 717 F.2d 932, 938 (4th Cir.1983); see also Power v. Arlington Hospital Ass'n, 42 F.3d 851, 860 (4th Cir.1994).
 
 
 5
 Sturges contends that the court erred in instructing the jury that, in order to find that Matthews "seized" the decedent as contemplated by the Fourth Amendment, Matthews "must be found to have acted intentionally or willfully" and that "an act or omission is willfully done if done ... with the intent to do something that is forbidden in law " (emphasis added). In Brower v. County of Inyo, 489 U.S. 593, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989), the Supreme Court explained that a "[v]iolation of the Fourth Amendment requires an intentional acquisition of physical control" and that "the detention or taking itself must be willful. This is implicit in the word 'seizure,' which can hardly be applied to an unknowing act." Id. at 596, 109 S.Ct. at 1381. Although Sturges pled that Matthews' ramming was intentional or reckless and suggests, on appeal, that reckless conduct might satisfy Brower's requisite intent standard and that the district court should have so instructed the jury, he does not explicitly assert that claim on appeal.[1] Instead, he takes issue with the court's instruction, to which he timely objected, that, in order to find Matthews liable, the jury must find that he acted "with the intent to do something that is forbidden in law."
 
 
 6
 Matthews' counsel conceded at oral argument before us that this instruction, standing alone, might well constitute error because it could be interpreted as requiring Sturges to demonstrate that Matthews acted with the intent to violate criminal law. To the best of our knowledge no court has ever required a showing of specific criminal intent in the context of a Sec. 1983 excessive force claim. Indeed, the Supreme Court in Brower strongly suggested that such a requirement would be wholly inappropriate. Brower, 489 U.S. at 598, 109 S.Ct. at 1382 ("It may well be that [the police] preferred, and indeed earnestly hoped, that Brower would stop on his own, without striking the barrier, but we do not think it practicable to conduct such an inquiry into subjective intent."). Cf. Glasco v. Ballard, 768 F.Supp. 176, 179 (E.D.Va.1991) ("In criminal law terms, the Court [in Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ] ruled that specific intent, or motivation, is not an element of the Fourth Amendment. It made no actual ruling on the issue of general intent. In other words, it is irrelevant whether the police officer intended to brutalize a suspect or merely intended to discipline him, but it is still relevant whether the officer intended to perform the underlying violent act at all." (emphasis in original)). However, this purported error in the challenged instruction does not require reversal.
 
 
 7
 This is so because, "in the 'context of the overall charge' " and "[v]iewing the record as a whole," the instructions administered to the jury were not misleading and contained an adequate statement of the law to guide the jury's determination. Western Air Lines, Inc. v. Criswell, 472 U.S. 400, 420-21, 105 S.Ct. 2743, 2755, 86 L.Ed.2d 321 (1985) (quoting Cupp v. Naughten, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)). The district court did not expound on the "forbidden in law" instruction in any way. Other than the brief statement quoted above, there is no other indication in the instructions that the jury was required to find specific criminal intent. Instead, the court repeatedly emphasized the Brower requirement that only the actual seizure be intentional.
 
 
 8
 In explaining what constitutes a seizure under the Fourth Amendment, the district court stated:
 
 
 9
 Now, the violation of the Fourth Amendment requires an intentional acquisition of physical control. The detention or taking itself must be willful. This is implicit in the word "seizure" but which cannot be applied to an unknowing act. The Fourth Amendment addresses misuse of power, not the accidental affects [sic] of otherwise lawful governmental conduct. Thus, if the injury and death in this case is found based upon a preponderance of the evidence to have resulted ... from an accident or from an unknowing act, then, of course, there would be no violation....
 
 
 10
 This instruction was entirely proper. The court then gave the challenged instruction that "an act or omission is willfully done if done voluntarily and intentionally and with the intent to do something that is forbidden in law" but immediately thereafter stated that "[t]he word 'will' often denotes an act which is intentional or knowing. It is a voluntary act as opposed to one accidentally brought about."
 
 
 11
 The court proceeded to enumerate the elements that the jury was required to find in order to hold Matthews liable. No mention, express or implied, was made of specific criminal intent. Instead, the court instructed the jury that it was required to find "that the defendant intentionally or willfully committed an act for the purpose of securing or taking into custody or detaining the deceased." Furthermore, in summarizing the case the court stated:
 
 
 12
 In the event you find based upon a preponderance of the evidence that the plaintiff has not proved that the defendant, Mr. Matthews, acted intentionally or willfully and thereby violated the constitutional rights of the decedent, then you would find for the defendant. If, on the other hand, you find based upon the preponderance of the evidence that the defendant did in causing his police vehicle to come in contact with or bump or collide with the rear of the decedent's vehicle and thereby that he also proximately caused the injury and death of the decedent, then you would find for the plaintiff.
 
 
 13
 Again, no mention was made of specific criminal intent, and it is clear from the record that the jury was instructed that it was entitled to find Matthews liable absent such intent.[2]
 
 
 14
 The terms "intentionally" and "willfully" were used interchangeably throughout the instructions, and the district court made no attempt to distinguish between the two. Indeed, the court observed on the record, outside the presence of the jury, that it had "interspersed the words 'intentional' and 'willfulness' throughout the instructions. To the chagrin of the plaintiffs, I might add. I wore [the jury] out with that concept." The court concluded its instructions, eliminating any possibility of doubt, as follows:
 
 
 15
 Now, throughout these instructions I have stated to you the standard by which you must judge the conduct of the defendant, that is to say, that in order to find him liable to the plaintiff you must find that he acted intentionally or willfully.
 
 
 16
 * * * * * *
 
 
 17
 I instruct you that if you find by the preponderance of the evidence that while pursuing the decedent the defendant intentionally caused his vehicle to bump the automobile of the decedent; and further that act proximately caused the decedent's automobile to crash causing the injury and death of the decedent, then the termination of the decedent's freedom of movement was a seizure.
 
 
 18
 If on the other hand you find that any bumping or contact between the vehicle driven by the defendant and the vehicle driven by the decedent came about through an accidental act or an unintentional act on the part of the defendant, then there would have been no seizure within the meaning of the Fourth Amendment.
 
 
 19
 Finally, the special interrogatory verdict form submitted to the jury contained no reference to specific criminal intent and focused instead on the question of actual seizure: "Do you find based upon a preponderance of the evidence that the defendant, while acting under color of state law, intentionally or willfully 'seized' the decedent, Robert Erik Schuck-Kolben?"
 
 
 20
 In sum, based on a review of the record as a whole and in the context of the overall charge, it is clear that any error in the district court's instructions to the jury was not prejudicial.
 
 III.
 
 21
 Sturges also contends that the district court erred in excluding certain expert testimony on the issue of reasonableness and in instructing the jury that deadly force would be reasonably justified under the Fourth Amendment if the decedent posed a threat of serious physical harm to the officer or others. Obviously, both claims go to the issue of reasonableness. The jury, however, never reached the question of whether the seizure was reasonable under the Fourth Amendment. Instead, it concluded there was no seizure. Thus, any errors as to the issue of reasonableness could not have affected the verdict and so we do not reach these errors on appeal.
 
 
 22
 Finally, Sturges contests the dismissal of his complaint against Lexington County and its sheriff. Because it is clear that those defendants' liability, if any, is derivative of Matthews' liability under Sec. 1983, the jury's verdict in favor of Matthews on the seizure question also obviates the need to address this issue on appeal. See Kopf v. Skyrm, 993 F.2d 374, 381 (4th Cir.1993).
 
 Accordingly, the judgment is
 
 23
 AFFIRMED.
 
 
 
 [1]
 Perhaps this is because Sturges is unable to cite any authority for that proposition. Of course, such conduct might give rise to a substantive due process claim, see, e.g., Rucker v. Harford County, 946 F.2d 278 (4th Cir.1991), cert. denied, 502 U.S. 1097, 112 S.Ct. 1175, 117 L.Ed.2d 420 (1992); Temkin v. Frederick County Commissioners, 945 F.2d 716 (4th Cir.1991), cert. denied, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992), but no such claim was alleged here
 On cross-appeal, Matthews contends that if reckless conduct does suffice under the Fourth Amendment to constitute a seizure, he is entitled to qualified immunity since that standard was far from "clearly established" at the time of the incident. See Collinson v. Gott, 895 F.2d 994, 998 (4th Cir.1990) (Phillips, J., concurring). Because we affirm the jury verdict in Matthews' favor, we need not reach the claim made on cross-appeal.
 
 
 [2]
 In stark contrast is the court's instructions on punitive damages, in which the jury was instructed that "any penalty imposed should take into account ... the defendant's awareness of the conduct's wrongfulness."