**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DAVID SCOTT MORRILL,
<u>Plaintiff-Appellant,</u>

v.

PRINCE GEORGE'S COUNTY,

MARYLAND, A Maryland Municipal
Corporation; JEFFREY S. GRAY;
LENNY S. SAGE,
<u>Defendants-Appellees.</u>

No. 95-3209

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Williams, Jr., District Judge.
(CA-94-22-AW)

Argued: September 25, 1996

Decided: December 4, 1996

Before WILKINSON, Chief Judge, and WILKINS and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Eric Stuart Slatkin, FEISSNER & SLATKIN, Burtons-
ville, Maryland, for Appellant. Andrew Jensen Murray, OFFICE OF
LAW FOR PRINCE GEORGE'S COUNTY, Upper Marlboro, Mary-
land, for Appellees. **ON BRIEF:** Barbara L. Holtz, Acting County

Attorney, Sean D. Wallace, Deputy County Attorney, OFFICE OF LAW FOR PRINCE GEORGE'S COUNTY, Upper Marlboro, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

David Morrill appeals a jury verdict in favor of Officer Jeffrey Gray and Officer Lenny Sage, police officers of Prince George's County, Maryland.[1] He contends the district court erroneously instructed the jury that it had to find that the Officers' conduct was intentional or reckless, not simply negligent, to conclude the Officers used excessive force when arresting Morrill in violation of his Fourth Amendment rights. Finding no reversible error, we affirm.

I.

On the evening of November 12, 1992, Officer Gray, while responding to a theft call, observed Morrill sitting in a vehicle on a public dirt road in Upper Marlboro, Maryland. When Officer Gray approached the vehicle, Morrill sped off and led Officer Gray, later joined by Officer Sage, on a twelve-mile chase. The chase ended in a residential neighborhood when Morrill exited his vehicle, ran across a yard, and scaled two six-foot privacy fences. According to Morrill, after he climbed over the second fence he saw Officer Sage quickly approaching. Realizing that his apprehension was imminent, Morrill fell to the ground and surrendered. Officer Sage, however, testified that as he descended the last fence, Morrill did not surrender but

_____

[1] Morrill also brought this action against Prince George's County. The district court granted summary judgment in favor of the County, thereby dismissing it from the case.

2

turned and attacked him. When Officer Gray arrived on the scene seconds later, he observed Officer Sage and Morrill in an apparent struggle and struck Morrill with his nightstick in an effort to subdue him. Officer Gray testified that he attempted to strike Morrill between his shoulder blades, but the nightstick struck Morrill in the head, causing a skull fracture and other injuries to his head and face.

Morrill brought this claim against the Officers under 42 U.S.C.A. § 1983 (West 1994) seeking actual and punitive damages for violation of the Fourth Amendment prohibition against unreasonable seizures.[2] He contends that the Officers "used unreasonable force to effectuate [his] arrest" when they severely beat his body and head with a nightstick, resulting in severe injuries. The Officers presented a qualified immunity defense arguing that their actions were objectively reasonable in light of the facts and circumstances confronting them.[3] The jury returned a verdict in favor of the Officers, and this appeal followed.[4]

On appeal, Morrill argues the district court erred when it interjected state-of-mind requirements, such as intent and negligence, into the jury deliberations because it shifted the jury's focus from whether the Officers' actions were "objectively reasonable" to whether the actions were negligent, reckless, or intentional. Relying on Graham v. Connor, 490 U.S. 386 (1989), he asserts that the negligence instruction was inaccurate, irrelevant, and confusing to the jury. A review of the entire charge shows, contrary to Morrill's assertions, that the district court gave an accurate explanation of the pertinent law relating to the many state and federal issues confronting the jury.[5] Finding no reversible error, we affirm.

_____

[2] In addition to the constitutional claim, Morrill raised a state law claim of battery. Morrill does not appeal the jury's verdict in favor of the Officers on that claim.

[3] The district court denied Officer Sage's motion for summary judgment based on qualified immunity and no appeal was taken. The docket sheet reflects that Officer Gray never moved for summary judgment.

[4] Morrill concedes the Officers had probable cause to arrest him. We also note that hospital laboratory tests performed on Morrill subsequent to his arrest revealed a blood/alcohol content of .16% and the presence of cocaine.

[5] Morrill's appeal challenges only one aspect of the district court's lengthy and thorough charge. This case required the district court to

II.

Accuracy and adequacy of a jury instruction is reviewed de novo. United States v. Morrison, 991 F.2d 112, 116 (4th Cir.), cert. denied, 510 U.S. 881 (1993). We must determine whether the district court's instructions, construed as a whole, "adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the [appellant]." Spell v. McDaniel, 824 F.2d 1380, 1395 (4th Cir.), cert. denied, 484 U.S. 1027 (1988). "A judgment will be reversed for error in jury instructions`only if the error is determined to have been prejudicial, based on a review of the record as a whole.'" Sturges v. Matthews, 53 F.3d 659, 661 (4th Cir. 1995) (quoting Wellington v. Daniels, 717 F.2d 932, 938 (4th Cir. 1983)).

The district court, while describing the three elements of a § 1983 cause of action, instructed the jury that Morrill was required to show that the Officers' actions were intentional or reckless, not merely negligent, to estabish a claim under § 1983. The district court also referred to the concepts of negligence, recklessness, and intent in its charge as they related to qualified immunity, the state law on battery, and the awarding of punitive damages under federal and state law. After some deliberations, the jury asked the court to redefine negligence, recklessness, and intentional conduct. The district court responded that intent and recklessness were "concerned in the state-of-mind of the officers." It then repeated the standard definitions of intentional, recklessness, and negligence. The court also restated that Morrill had to show the Officers acted intentionally or recklessly.

Morrill's challenge to the district court's instructions requiring him to show more than negligence to state a Fourth Amendment claim under § 1983 is meritless. In Brower v. County of Inyo, 489 U.S. 593 (1989), the Supreme Court held that unintended consequences of gov-

_____

instruct the jury on the law of 42 U.S.C.A. § 1983, the Fourth Amendment, battery under Maryland state law, qualified immunity, and punitive damages under federal and state law, in addition to general civil law instructions regarding the jury's role as fact finders, the burden of proof, and the credibility of witnesses.

ernment action could not form the basis of a Fourth Amendment violation. In reaching its decision, the Court held that the word "seizure" in the Fourth Amendment necessarily implied a willful and knowing act. Id. at 596. "In sum, the Fourth Amendment addresses `misuse of power,' not the accidental effects of otherwise lawful government conduct." Id. (citation omitted); see also Roy v. City of Lewiston, 42 F.3d 691, 696 (1st Cir. 1994) (affirming summary judgment in favor of police officer in Fourth Amendment excessive force claim because officer's actions "even if mistaken, were not unconstitutional"); Ansley v. Heinrich, 925 F.2d 1339, 1344 (11th Cir. 1991) (holding district court did not err when it charged a jury in a Fourth Amendment excessive force case that "negligence, standing alone, is not a constitutional violation").

This court recently affirmed a challenge to a jury instruction remarkably similar to the one in this case. In Sturges, the decedent's estate brought a § 1983 Fourth Amendment excessive force action against a deputy sheriff. See 53 F.3d at 661. The decedent had lost control of his car after a high speed chase, during which the deputy's automobile collided with the rear of decedent's vehicle and the decedent crashed into a telephone pole. At trial, the district court instructed the jury that a violation of the Fourth Amendment "requires an intentional acquisition of physical control. The detention or taking itself must be willful." Id. at 662. The district court, in Sturges, then defined willful as something "done voluntarily and intentionally . . . . It is a voluntary act as opposed to one accidentally brought about." Id. We held that this instruction was valid, recognizing that while the Court in Graham held

> specific intent, or motivation, [wa]s not an element of the Fourth Amendment[,] [i]t made no actual ruling on the issue of general intent. In other words, it is irrelevant whether the police officer intended to brutalize a suspect or merely intended to discipline him, but it is still relevant whether the officer intended to perform the underlying violent act at all.

Sturges, 53 F.3d at 661 (quoting Glasco v. Ballard, 768 F. Supp. 176, 179 (E.D. Va. 1991)).**6** Based on the foregoing, we hold the district

_____

**6** In Sturges the plaintiff argued at trial that reckless conduct by the police would satisfy Brower's requisite intent standard. We noted,

5

court did not err when it instructed the jury that merely negligent conduct by the Officers would not give rise to a Fourth Amendment cause of action under § 1983.

Morrill also argues that any instructions regarding the concepts of intent, recklessness, and negligence were erroneous because they misled the jury into thinking it had to return a verdict in favor of the Officers even if they found the force used was unreasonable, if they believed, as the Officers testified, that the Officers did not intend to strike Morrill in the head. Morrill points to the jury's questions as evidence of their confusion.

The district court gave the initial challenged instruction simply as background information on § 1983 claims. The district court followed these brief comments with an extensive discussion of the objective reasonableness test as set forth in Graham, 490 U.S. at 386. As to the second instruction, defining and contrasting intentional, reckless, and negligent conduct, the district court was simply responding to the jury's request for definitions of the three concepts. Though Morrill would suggest the jury inevitably confused negligence with objective reasonableness and applied the wrong constitutional standard to Morrill's § 1983 claim, we cannot make this assumption. Rather, a review of the entire charge reveals the concepts of negligence, recklessness, and intentional conduct were relevant to numerous issues being considered by the jury, including qualified immunity, battery, and punitive damages under state and federal law.

In sum, based on our review of the entire district court record, we hold the district court gave an accurate and adequate explanation of

_____

though the plaintiff did not explicitly assert the claim on appeal, that there was no authority to support such a position. Sturges, 53 F.3d at 661 & n.1. The Supreme Court has not yet addressed the applicability of recklessness to a Fourth Amendment claim. Cf. Daniels v. Williams, 474 U.S. 327, 334 n.3 (1986) (expressly declining to decide whether "something less than intentional conduct, such as recklessness or `gross negligence,' is enough to trigger the protections of the Due Process Clause"). We need not make that determination in this case because any error was not prejudicial to Morrill.

6

the pertinent legal principles to the jury. In the context of the overall charge, any alleged error was not prejudicial to Morrill.

AFFIRMED