## Norfolk

ROBERT ANDREW BURGESS

v.

CITY OF VIRGINIA BEACH

No. 0356-87-1

Decided September 19, 1989

COUNSEL

H. Thomas Padrick, Jr. (Anderson and Padrick, on briefs), for appellant.

Leslie L. Lilley (J. Dale Bimson, City Attorney; Leslie L. Lilley, on brief), for appellee.

OPINION

HODGES, J.—In this appeal, Burgess challenges his convictions under three separate city ordinances: (1) profanely swearing or cursing in public, City Code § 23-22; (2) improper driving (lesser included offense under charge of reckless driving, City Code § 21-311); and (3) using abusive language, City Code § 23-12. He was fined a total of $300. Finding that City Code § 23-22 is unconstitutional, we reverse his conviction of profanely swearing or cursing in public. We, however, affirm Burgess' other convictions on the ground that there was sufficient evidence to prove his guilt. Burgess' convictions were based on two separate incidents.

The evidence disclosed that at 1:20 a.m. on the morning of October 27, 1986, Officer K. W. Boekweg of the Virginia Beach Police Department observed Burgess' Chevrolet Blazer with its emergency flashers blinking parked on the wrong side of the street in front of the 18th Street police station in the Oceanfront section of Virginia Beach. Burgess asked Officer Boekweg for assistance with his flashers. When Officer Boekweg could not stop the flashers from blinking, he advised Burgess to check his Owner's Manual since he was not an electrician and could not help him. Officer Boekweg further advised Burgess that his vehicle was illegally parked and that he would have to move it if he was going to con-

tinue to work on it.

After Officer Boekweg returned to his police car which was parked directly behind Burgess' vehicle, Burgess started his vehicle, revved up the engine two or three times, and spun his tires on the wet pavement for approximately thirty to fifty feet. Officer Boekweg followed him, stopped him a short distance away, obtained his driver's license and registration card, and advised him that he was issuing him a summons for reckless driving. While Burgess was standing in the open door of his vehicle talking to a companion, Officer Boekweg heard him say in a raised voice, "I hate f_____ cops, and he's an asshole, too." Four other persons were standing in the area. In addition to reckless driving, Officer Boekweg charged Burgess with profane swearing.

Burgess admitted making the statement. He, however, testified that he intended to communicate it only to his companion to vent his frustration. He had not meant for Officer Boekweg to hear him.

On November 1, 1986, Burgess was arrested for using abusive language. In the early morning hours, Officer K. W. Hannah and other officers were attempting to control the overflow from a large Halloween party held near the intersection of 74th Street and Atlantic Avenue. Driving by in his Blazer at about 30 miles per hour, Burgess stuck his head out of the window and yelled, "F_____ cops." Officer Hannah pursued him and charged him with using abusive language.

First, City Code § 23-22, which parallels the language of Code § 18.2-388, provides in pertinent part: "If any person profanely curses or swears or be drunk in public, he shall be guilty of a Class IV misdemeanor." Burgess argues that the ordinance is overbroad, vague, and susceptible of application to protected speech in violation of the first and fourteenth amendments and, thus, unconstitutional. Finding that we are bound by *Gooding v. Wilson*, 405 U.S. 518 (1972), and *Lewis v. City of New Orleans*, 415 U.S. 130 (1974), we agree.

In *Gooding*, the Court struck down the following Georgia statute on the ground that its application was not limited to "fighting words" as defined by *Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942): "'Any person who shall, without provoca-

tion, use to or of another, and in his presence . . . opprobrious words or abusive language, tending to cause a breach of the peace . . . shall be guilty of a misdemeanor.' " *Gooding*, 405 U.S. at 519. The Court held: "Our decisions since *Chaplinsky* have continued to recognize state power constitutionally to punish 'fighting' words under carefully drawn statutes not also susceptible of application to protected expression. We reaffirm that proposition today." Id. at 523 (citations omitted). In *Lewis*, the Court held that the following New Orleans ordinance was unconstitutional because it had a "broader sweep" than fighting words. " 'It shall be unlawful and a breach of the peace for any person wantonly to curse or revile or to use obscene or opprobrious language toward or with reference to any member of the city police while in the actual performance of his duty.' "

Because the City of Virginia Beach also enacted an ordinance proscribing abusive language, which has been limited by the Supreme Court of Virginia to prohibit only fighting words, we find that § 23-22 was meant to have a broader sweep than fighting words. If, as the City of Virginia Beach contends, Burgess' remarks rose to the level of fighting words, it was incumbent upon the City to charge him under Code § 23-12. While we in no way condone the language of Burgess, we hold that since the ordinance is susceptible of application to protected speech, it is unconstitutional. Therefore, we reverse the appellant's conviction thereunder.

Second, viewing the evidence in a light most favorable to the City, we find that there is sufficient evidence to support Burgess' conviction of improper driving. Burgess was charged with reckless driving under City Code § 21-311, which is entitled "General Rule as to Reckless Driving," not § 21-312, which deals with specific instances of reckless driving. Section 21-311 provides:

> Irrespective of the maximum speeds provided for in this Article, any person who drives a vehicle upon a highway recklessly or at a speed or in a manner so as to endanger the life, limb or property of any person shall be guilty of reckless driving, provided that the driving of a motor vehicle at a speed twenty (20) or more miles per hour in excess of any speed limit provision of this Article may constitute grounds for prosecution for reckless driving under this Section.

Regardless of the code section under which Burgess was originally charged, it is clear that he did not have proper control of his vehicle while spinning his wheels for thirty to fifty feet on wet pavement and was, therefore, driving it in a reckless and dangerous manner. Where, as here, the "degree of culpability is slight," § 21-316 of the Virginia Beach City Code allows the court in its discretion to find the accused guilty of improper driving instead of reckless driving. Therefore, we affirm Burgess' conviction.

▮ Last, we find also that there is sufficient evidence to support Burgess' conviction of using abusive language in violation of City Code § 23-12. City Code § 23-12, which parallels the language of Virginia Code § 18.2-416, provides:

If any person shall, in the presence or hearing of another, curse or abuse such other person, or use any violent abusive language to such person concerning himself or any of his relations, or otherwise use such language under circumstances reasonably calculated to provoke a breach of the peace, he shall be guilty of a Class 3 misdemeanor.

In *Mercer v. Wilson*, 214 Va. 281, 284, 199 S.E.2d 724, 726 (1973), the Supreme Court of Virginia ruled that Code § 18.1-255 [now Code § 18.2-416] is constitutional when prosecution thereunder is limited "to words that have a direct tendency to cause acts of violence by the person to whom, individually, the remark is addressed." In doing so, the court explained that Code § 18.1-255 "serves a valid and proper purpose for it is aimed at preventing personal, face-to-face, abusive and insulting language likely to provoke a violent reaction and retaliation." Burgess relies upon this specific language to argue that his utterance from a moving vehicle neither amounted to a direct confrontation nor should it have provoked a law enforcement officer to react violently. In arguing that a police officer should be able to perform his duty without reacting to comments such as were made here, Burgess relies on the following language in Justice Powell's concurrence in *Lewis*: "[A] properly trained officer may reasonably be expected to 'exercise a higher degree of restraint' than the average citizen, and thus be less likely to respond belligerently to 'fighting words.'" *Lewis*, 415 U.S. at ___ (Powell, J., concurring). Upon review, we find no merit in Burgess' argument and decline to adopt a higher standard of restraint for law enforce-

ment officials than for citizens. We shudder to think of the verbal abuse that law enforcement officers would be subject to if we did so. Viewing the evidence in a light most favorable to the City, which prevailed below, we find that Burgess' utterance constituted "fighting words." Accordingly, we affirm Burgess' conviction of using abusive language.

*Affirmed in part,*
*reversed in part.*

Baker, J., concurred.

Barrow, J., concurring.

I concur with the majority opinion in this case except that, in my opinion, it is not necessary to determine whether a law enforcement officer is expected to exercise a higher degree of restraint than the average citizen. When the defendant spoke the language giving rise to the offense, he addressed it not only to the police officers, but to the large crowd of people overflowing from a Halloween party in the early morning. This evidence supported a finding by the trial court that the defendant's language was used "under circumstances reasonably calculated to provoke a breach of the peace," not a breach of the peace by the police officers, but a breach of the peace by the crowd the police were attempting to control. Therefore, I concur with the majority in reversing the conviction of profanely swearing or cursing in public and affirming the remaining convictions.