COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


SHAWN CHRISTOPHER STEWART
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0248-96-3     JUDGE SAM W. COLEMAN III
                                          MARCH 4, 1997
COMMONWEALTH OF VIRGINIA and
 CITY OF LEXINGTON


              FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                     George E. Honts, III, Judge

              (Robert B. Armstrong, on brief), for
              appellant.

              (James S. Gilmore, III, Attorney General;
              John K. Byrum, Jr., Assistant Attorney
              General, on brief), for appellees.


     The appellant, Shawn Christopher Stewart, was convicted by a

jury of using abusive language, disorderly conduct, and assault

and battery.  He contends on appeal that either the curse and

abuse conviction or the disorderly conduct conviction is barred

by Lexington City Code § 15-16.1 because both arose from the same

course of action.  He further asserts that the evidence is

insufficient to support the disorderly conduct conviction.

Finding no error, we affirm the decision of the trial court.

     Viewing the evidence in the light most favorable to the

Commonwealth, as we must on appeal, a Lexington police officer,

who was responding to an unrelated 911 call, encountered the

appellant on a public street.  The appellant was belligerent, he

_____

     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

cursed the police officer and said "you can't tell me what to do . . . I am not going to go anywhere and if you come to the corner, I am going to kick your f-----g ass." When the officer attempted to arrest the appellant for cursing and using abusive language, the appellant resisted arrest and ran. The officer pursued, and when the appellant reached his home he brandished a stick and threatened to hit the officer with it. The officer testified that he told the appellant that he was "not mad at [him] at this time, but that if you hit me with that stick you are going to piss me off." The officer testified that during the confrontation he remained "calm, cool, and collected . . . [and] at no time did he feel that he was in danger."

Disorderly conduct was not a crime at common law and "is not punishable as a separate and distinct crime unless made so by statute or ordinance . . . ." Lewis v. Commonwealth, 184 Va. 69, 72, 34 S.E.2d 389, 390 (1945). Section 15-16.1 of the Lexington City Code provides:

> A person is guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (a) In any street, highway or public building, or while in or on a public conveyance or public place, engages in conduct having a direct tendency to cause acts of violence by the persons at whom, individually, such conduct is directed; provided, that such conduct shall not be deemed to include the utterance or display of any words or to include conduct otherwise made punishable under this Code . . . .[1]

[1] The language in Lexington Code § 15-16.1 is similar to the language in Virginia Code § 18.2-415.

Disorderly conduct, as defined in the statute, encompasses a broad range of offending behavior, which has as its common denominator conduct having a direct tendency to cause acts of violence. Although a more general definition has not been articulated, the concept of what behavior constitutes disorderly conduct is generally understood. "[W]hether a particular act is disorderly conduct depends largely on the facts in the particular case, and in the determination of such question not only the nature of the particular act should be considered but also the time and place of its occurrence as well as all the surrounding circumstances." Collins v. City of Norfolk, 186 Va. 1, 5, 41 S.E.2d 448, 450 (1947).

I.

Appellant contends that his conviction for disorderly conduct must be set aside because Lexington City Code § 15-16.1 and his conviction for curse and abuse preclude his being convicted "for conduct otherwise made punishable under this title."[2] While Lexington City Code § 15-16.1 excludes "conduct otherwise made punishable under [the] Code," "the choice of offenses for which a criminal defendant will be charged is within the discretion of the Commonwealth's Attorney." Kauffmann v. Commonwealth, 8 Va. App. 400, 410, 382 S.E.2d 279, 284 (1989).

---

[2] Code § 18.2-415 contains identical language excluding "conduct otherwise made punishable under this title." Also, Code § 19.2-294 contains similar language barring conviction under multiple statutes based on the same act.

"Two crimes, even though similar because committed by the same criminal agent during a continuing course of action against the same victims, are not committed by the same act if not simultaneously committed." Henry v. Commonwealth, 21 Va. App. 141, 146, 462 S.E.2d 578, 581 (1995) (interpreting the double jeopardy clause); see also Martin v. Commonwealth, 221 Va. 720, 273 S.E.2d 778 (1981) (same); Jones v. Commonwealth, 218 Va. 757, 240 S.E.2d 658, cert. denied, 435 U.S. 909 (1978) (interpreting Code § 19.2-294). "The test of whether there are separate acts sustaining several offenses 'is whether the same evidence is required to sustain them.'" Treu v. Commonwealth, 12 Va. App. 996, 997, 406 S.E.2d 676, 677 (1991) (quoting Estes v. Commonwealth, 212 Va. 23, 24, 181 S.E.2d 622, 624 (1971)) (interpreting Code § 19.2-294).

Here, the appellant's convictions were based on separate acts with different evidence supporting each conviction. The conviction for curse and abuse was proven by the appellant's language, his vulgar profanity, and the abusive manner that he directed it toward the officer. The disorderly conduct conviction was proven by the manner in which the appellant belligerently confronted the officer in a public place, challenged him, and after cursing and abusing the officer, fled, armed himself with a stick which he brandished and used to threaten the officer -- all of which tended to threaten a breach of the peace. The same act or acts were not the basis to prove a

violation of both statutes.

II.

The appellant contends that the evidence is insufficient to support the disorderly conduct conviction. Relying upon the arresting officer's testimony that he was not angered or frightened by the appellant's actions, the appellant argues that the Commonwealth failed to prove that his words and actions had a tendency to cause violence.

Whether this particular arresting officer felt threatened or frightened or intimidated so as to cause a breach of the peace is not controlling. Although the officer's subjective feelings are a factor to be considered, the test is an objective one -- would the defendant's conduct provoke a <u>reasonable person</u> to violence. See <u>Mercer v. Winston</u>, 214 Va. 281, 284, 199 S.E.2d 724, 726 (1973) (interpreting former Code § 18.1-255, now Code § 18.2-416, prohibiting use of abusive language); <u>Burgess v. City of Virginia Beach</u>, 9 Va. App. 163, 167-68, 385 S.E.2d 59, 61 (1989) (holding that police officers are not subject to a higher standard of restraint).

The appellant's belligerent threatening conduct was sufficient to support the trial court's decision that his actions were likely to provoke or incite a breach of the peace. See <u>Ford v. City of Newport News</u>, 23 Va. App. 127, 144, 474 S.E.2d 848, 851 (1996); <u>Keyes v. City of Virginia Beach</u>, 16 Va. App. 198, 200, 428 S.E.2d 766, 768 (1993). The appellant's threats to the officer, both by words and with the stick, had a "tendency to

- 6 -

cause acts of violence" and involved more than the mere utterance of abusive language.  The appellant's argument that the evidence failed to prove that these actions tended to cause acts of violence because the officer testified they did not anger him or put him in fear of danger has no merit.  The appellant's actions, cursing and threatening the officer, would have provoked a reasonable person to violence.  Therefore, the evidence is sufficient to support the conviction for disorderly conduct.

For the foregoing reasons, we affirm the decision of the trial court.

<u>Affirmed.</u>