# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

William J. Kenny

November 9, 1998

Case No. (Criminal) M11997

BY JUDGE STANLEY P. KLEIN

This matter is before the Court on Defendant William J. Kenny's Motion to Dismiss the charge against him for disturbing the peace in violation of Fairfax County Code § 5-1-15 ("the Ordinance"). Kenny urges the Court to dismiss the charge, asserting that the Ordinance is constitutionally infirm. Specifically, Kenny contends that the Ordinance, on its face, sweeps too broadly, proscribing protected speech. Upon consideration of the oral and written arguments advanced by the parties and for the reasons set forth in this opinion, the Court concludes that the Ordinance is impermissibly overbroad. Accordingly, the charge against Kenny is dismissed.

## I. *Background*

On March 3, 1998, Defendant William J. Kenny was arrested and charged with a violation of Fairfax County Code § 5-1-15. The Ordinance reads as follows:

It shall be unlawful for any person to disturb the peace of others by violent, tumultuous, offensive, *or* obstreperous conduct, *or* by loud or unusual noises, *or* by *unseemly, profane, obscene or offensive language, or* by threatening, challenging to fight, assaulting, fighting or striking another.

Fairfax County Code § 5-1-15 (emphasis added).

Kenny was tried and convicted of the charge on August 14, 1998, in the General District Court. On August 31, 1998, Kenny appealed his conviction to this court, pursuant to Virginia Code § 16.1-132, for a trial *de novo*.

## II. *Standing*

Generally, a litigant may not vicariously assert the rights of another and may challenge the constitutionality of a law only as it applies to him. *See, Broadrick v. Oklahoma*, 413 U.S. 601, 611-12 (1973); *Grosso v. Commonwealth*, 177 Va. 830, 839 (1941); *Coleman v. City of Richmond*, 5 Va. App. 459, 463 (1988). An exception to this general rule applies, however, where the challenged law is overbroad and endangers protected speech. A litigant has standing to facially challenge the constitutionality of a statute where the statute threatens to chill protected speech. *See, Broadrick*, 413 U.S. at 612; *Stanley v. City of Norfolk*, 218 Va. 504, 508-09 (1977); *Coleman*, 5 Va. App. at 463. Kenny has challenged that portion of the Ordinance proscribing "unseemly, profane, obscene or offensive language." This challenge squarely rests within the ambit of the First Amendment. Kenny therefore has standing to assert a facial challenge to the Ordinance.

## III. *The Standard of Review*

### A. *General Considerations*

In assessing the constitutionality of a statute, a court must presume that the legislative action is valid. *See, Woolfolk v. Commonwealth*, 18 Va. App. 840, 848 (1994). The burden is on the challenger to demonstrate that the law is unconstitutional. *See, id*. A court has an affirmative duty to reasonably construe statutes with the aim of imparting a constitutionally definite meaning. *See, United States v. Batchelder*, 442 U.S. 114, 122 (1879) (relying on maxim that statutes should be construed so as to avoid constitutional questions); *Perkins v. Commonwealth*, 12 Va. App. 7, 14 (1991). This duty arises from an interest in preserving our federal system of government. *See, e.g., Salinas v. United States*, 522 U.S. __ , 118 S. Ct. 469, 475 (1997) (explaining that principles of statutory construction are aimed at giving proper respect to federal-state balance). The duty of a court to construe statutes in conformity with the Constitution is not, however, an absolute limitation on a court's discretion in interpreting the statute. Rather, the court's task is to discern a

*reasonable* interpretation of the statute in question. *See, Pederson v. City of Richmond*, 219 Va. 1061, 1065 (1979) (explicitly imposing standard of reasonable construction upon reviewing court); *Woolfolk v. Commonwealth*, 18 Va. App. 840, 852 (1994) (following *Pederson* and quoting reasonable construction standard); *Perkins v. Commonwealth*, 12 Va. App. at 14 (applying reasonable construction standard). Moreover, in considering a facial challenge, a court may impose a limiting construction only where the statute is "readily susceptible to such a construction." *Reno v. A.C.L.U.*, 521 U.S. ---, 117 S. Ct. 2329, 2350 (1997). A reviewing court's authority to interpret statutes is not so broad as to allow it to usurp the role of the legislature and rewrite duly-enacted legislation. *See, United States v. Albertini*, 472 U.S. 675, 680 (1985); *Heckler v. Matthews*, 465 U.S. 728, 741-42 (1984); *Barr v. Town Properties, Inc.*, 240 Va. 292, 295 (1990); *Frazier v. Commonwealth*, 231 Va. App. 131, 134-35 (1998). The United States Supreme Court has made clear that in interpreting criminal statutes, the reviewing court is obliged to follow the plain and unambiguous meaning of the statutory language. *See, United States v. Albertini*, 472 U.S. at 679. Furthermore, the Virginia Supreme Court has long held that "when analyzing a statute, we must assume that 'the legislature chose, with care, the words it used ... and we are bound by those words when we interpret the statute'." *City of Virginia Beach v. ESG Enterprises, Inc.*, 243 Va. 149, 153 (1992) (*quoting Barr*, 240 Va. at 295); *see also, Huffman v. Kite*, 198 Va. 196, 199 (1956); *Frazier v. Commonwealth*, 27 Va. App. 131, 135 (1998). Thus, the duty of reviewing courts to construe legislative enactments in accordance with the plain and unambiguous meaning of their language does not yield to principles of judicial restraint merely because the enactment is challenged on constitutional grounds. *See, Albertini*, 472 U.S. at 680.

### B. *Scrutiny Under a Claim of Overbreadth*

The mere fact that there exists a conceivable application of a challenged enactment which could potentially infringe upon First Amendment rights is not, alone, sufficient to defeat its constitutionality. *See, Woolfolk v. Commonwealth*, 18 Va. App. at 852. The doctrine of overbreadth should be invoked to void a challenged law only when the scope of its overbreadth is "substantial ... judged in relation to the statute's plainly legitimate sweep." *See, National Endowment for the Arts v. Finley*, 524 U.S. --- (1998); *Broadrick v. Oklahoma*, 143 U.S. at 615; *Woolfolk v. Commonwealth*, 18 Va. App. at 852. Applying this balancing test to enactments prohibiting both conduct and speech, reviewing courts should reserve the invocation of the

doctrine of overbreadth to those limited situations where there exists "a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the court ... ." *Woolfolk*, 18 Va. App. 852 (*quoting, City Council v. Taxpayers for Vincent*, 466 U.S. 789 (1984)). The test is therefore whether the ambit of the challenged enactment is so broad as to significantly endanger constitutionally-protected speech.

## IV. *Constitutional Review of the Ordinance*

Kenny asserts that the portion of the Ordinance proscribing "unseemly, profane, obscene, or offensive language" establishes a substantial restraint upon constitutionally-protected speech, thereby rendering the Ordinance impermissibly overbroad. The Commonwealth replies that the Ordinance can be reasonably interpreted as proscribing only speech tending to provoke a breach of the peace. The Commonwealth relies on *Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942), as authority for sanctioning so-called "fighting words." The Court's first level of inquiry must, therefore, focus on whether the statute can reasonably be interpreted as prohibiting solely fighting words.

The right of free speech under the First Amendment is not absolute. *See, e.g., Chaplinsky*, 315 U.S. at 571. In *Chaplinsky*, the United States Supreme Court upheld a New Hampshire law that prohibited, *inter alia*, addressing another person, face-to-face, in a public place using "offensive, derisive or annoying word[s]." In making its ruling, the Court noted that the New Hampshire Supreme Court had long construed offensive, annoying, and derisive words to consist solely of those words tending to provoke violence. Based on public policy considerations and the circumscribed nature of the restraint on speech in limiting only so-called "fighting words," the Court found the statute constitutional. *See, id.* at 573.

Invoking *Chaplinsky*, Virginia courts have consistently declared enactments limiting "abusive" speech to be constitutional only insofar as they proscribe fighting words. In *Mercer v. Winston*, 214 Va. 281, 284 (1973), the Virginia Supreme Court held that "abusive" language, as prohibited by Virginia Code § 18.1-255 (now § 18.2-416), was limited in construction "to words that have a direct tendency to cause acts of violence by the person to whom, individually, the remark is addressed." *Mercer*, 214 Va. 281, 284 (1973). Following *Mercer*, the Virginia Court of Appeals has held that Code § 18.2-416 "contemplates a face-to-face encounter" and is meant to prevent a "violent reaction and retaliation." *Hershfield v. Commonwealth*, 14 Va. App. 381, 384 (1992).

328

Virginia courts are bound, where possible, to give meaning to every word of a statute. *See, e.g., Monument Assoc. v. Arlington County Bd.,* 242 Va. 145, 149 (1991); *Baker v. Commonwealth,* 28 Va. App. 306 (1998). Applying a plain-meaning analysis to the language of the Ordinance, the Court notes the repeated use of the disjunctive "or." Quite plainly, prosecution for using *language* proscribed by the Ordinance would not be dependent upon the occurrence of other prohibited *conduct.* Under the Ordinance's plain meaning, then, the use of "unseemly, profane, obscene or offensive language" is, without more, enough to constitute a violation of the Ordinance. Conspicuously absent from the Ordinance is any language limiting its application to speech intended to provoke violence. Nor can the Court reasonably infer that the Ordinance contemplates face-to-face encounters. The Court cannot, therefore, reasonably construe the Ordinance as having a limited application to fighting words.

Having ruled that the Ordinance does not address itself solely to fighting words, the Court must next determine whether the Ordinance poses a significant threat to protected speech. Unquestionably, it does. In *Coleman v. City of Richmond,* 5 Va. App. 459 (1988), the Virginia Court of Appeals reviewed a Richmond ordinance that made it a crime to "loiter, lurk, remain, or wander about in any public place ... in a manner or under circumstances manifesting the purpose of engaging in prostitution, or of patronizing a prostitute, or of soliciting for or engaging in any other act which is lewd, lascivious or indecent." *Coleman,* 5 Va. App. at 463. Finding the Richmond ordinance to be substantially overbroad, the Court noted that the ordinance's breadth was broad enough to proscribe otherwise lawful conduct. In so finding, the Court remarked:

> It would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who would be set at large. This would, to some extent, substitute the judicial for the legislative department of government ... .

*Coleman,* 5 Va. App. at 465-66.

Here, as in *Coleman,* the Ordinance casts a long shadow. The Ordinance's failure to define its terms renders totally subjective the interpretation of "unseemly, profane, obscene or offensive language." As such, the ambit of the statute is practically limitless, potentially proscribing all manner of speech long protected under our Constitution, including political discourse.

Hence, the Court finds that the Ordinance poses a credible and significant threat to protected speech and carries with it the dangerous potential to chill

free speech. The Ordinance is, therefore, substantially overbroad on its face, and Kenny has met his burden to demonstrate the Ordinance's constitutional invalidity.

## V. *Severance or Nullification*

In remedying the Ordinance's constitutional infirmity, the Court must determine whether the Ordinance is so overbroad as to justify its complete nullification; or, alternatively, whether a portion or portions of the Ordinance should be severed, so as to excise only that which the Court finds unconstitutional. A statute may be both valid in part and invalid in part. Under Virginia law, "if the parts can be so separated as that each can stand as the will of the legislature, the good does not perish with the bad." *Hannabass v. Maryland Cas. Co.*, 169 Va. 559, 568 (1938) (citations omitted).

Fairfax County Code § 1-1-11 clearly provides for severability of any of its Code "Sections, Subsections, paragraphs, sentences, clauses, phrases and words." This provision creates a presumption of severability. *See, Sos v. Commonwealth*, 14 Va. App. 862, 864 (1992). The ability to sever must be distinguished, however, from a duty to sever. A severability clause will not necessarily defeat the nullification of a challenged statute. *See, Hannabass*, 169 Va. at 570. In determining whether or not to sever, the Court's primary consideration is whether, in so doing, the intent of the lawmakers would be served. *See, Robinson v. Commonwealth*, 217 Va. 684, 686 (1977); *Board of Supervisors v. Rowe*, 216 Va. 128, 147 (1976); *Hannabass*, 169 Va. at 569-70. *Zamani v. Commonwealth*, 26 Va. App. 59 (1997) (declaring primary purpose of statutory construction as furthering legislative intent) (citations omitted).

Kenny contends that severing the portion of the Ordinance proscribing speech will not further the intent of the Fairfax County Board of Supervisors. The Court agrees. Severing only that part of the Ordinance governing speech would leave intact those portions of the Ordinance prohibiting "violent, tumultuous, offensive, or obstreperous conduct ... loud or unusual noises ... [and] threatening, challenging to fight, assaulting, fighting, or striking another." These acts are already prohibited by other Fairfax County Code provisions.

When a statute implicates rights guaranteed under the First Amendment, the government must use the least intrusive means to achieve its objective. *See, Coleman*, 5 Va. App. at 467. When other statutes adequately address conduct proscribed by a challenged statute abridging First Amendment guarantees, a less restrictive means already exists for addressing such conduct. *See, id.*

(finding that existence of statutes and ordinances prohibiting like conduct establishes less restrictive means).

In *Burgess v. City of Va. Beach*, 9 Va. App. 163 (1989), a case similar to the instant case, the Virginia Court of Appeals declined to construe a city ordinance outlawing "profanely swearing or cursing in public" as a restraint on fighting words only and ruled that the ordinance was "substantially overbroad." In so ruling, the Court of Appeals noted the existence of other local ordinances which already addressed conduct proscribed by the challenged enactment and concluded that the ordinance was "meant to have a broader sweep than fighting words." *See, Burgess*, 9 Va. App. at 165-66.

Here, as in *Burgess*, the Ordinance duplicates proscriptions already set forth in other Fairfax County ordinances. Section 5-1-4 of the Fairfax County Code proscribes disorderly conduct in public places, making it a Class I misdemeanor. Section 5-1-4 prohibits disorderly conduct, defined in part as "conduct intend[ed] to cause public inconvenience, annoyance or alarm, or reckless creating a risk thereof ... [and] having a direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct is directed." Fairfax County Code § 5-1-4. Thus stated, § 5-1-4 clearly encompasses "violent, tumultuous, offensive or obstreperous conduct" and "threatening, challenging to fight, assaulting, fighting or striking another," as proscribed by the Ordinance.

Similarly, Fairfax County Code § 108-1-1, *et seq.*, commonly known as the "Noise Ordinance," outlaws specific loud noises in public places and provides for criminal penalties for violations thereof. *See*, Fairfax County Code § 108-3-1. Code § 108-5-1 prohibits "noise disturbances," defined as "any unnecessary sound which annoys, disturbs or perturbs reasonable persons with normal sensitivities; or any unnecessary sound which reasonably may be perceived to injure or endanger the comfort, repose, health, peace or safety of any person." Fairfax County Code § 108-2-1(a)(11). These provisions clearly address that part of the Ordinance prohibiting "loud or unusual noises." *See*, Fairfax County Code § 108-5-1.

The existence of Fairfax County Code §§ 5-1-4 and 108-1-1 *et seq.* establishes that the Fairfax County Board of Supervisors has already appropriately addressed the conduct outlawed by the remaining portions of the Ordinance through lesser restrictive means. Consequently, the Court can discern no basis on which to conclude that the legislative intent of lawmakers would be furthered by severing that portion of the Ordinance relating to speech. Therefore, the Court declines to sever and finds the Ordinance to be unconstitutional in its entirety.

## VI. *Conclusion*

The Court finds Fairfax County Code § 5-1-15 to be substantially overbroad on its face, in violation of the First Amendment guarantee of free speech. As the Court further finds that severance of the offending part of the Ordinance would not serve the intent of the Fairfax County Board of Supervisors, the Court holds that Fairfax Code § 5-1-15 is unconstitutional in its entirety. Accordingly, the charge against Defendant William J. Kenny is dismissed.