COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Coleman and Bumgardner
Argued at Salem, Virginia


GLORIA JEAN SMITH
                                              OPINION BY
v.    Record No. 2067-98-3         JUDGE SAM W. COLEMAN III
                                           OCTOBER 19, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Richard S. Miller, Judge

          Joseph A. Sanzone (Sanzone & Baker, P.C., on
          brief), for appellant.

          Shelly R. James, Assistant Attorney General
          (Mark L. Earley, Attorney General; Robert H.
          Anderson, III, Assistant Attorney General,
          on brief), for appellee.


     Gloria Jean Smith was convicted in a bench trial of two

counts of felonious assault and battery of a police officer in

violation of Code § 18.2-57(C). On appeal, Smith argues that

because she was unlawfully arrested, she was legally justified in

resisting the arrest. For the reasons that follow, we affirm the

convictions.

                          BACKGROUND

     Officer Childress and Lieutenant Marshall were dispatched to

the "Oz House," a known crack house, in response to a reported

shooting. When the officers arrived, they encountered Smith, the

mother of the shooting victim. Officer Childress asked Smith

questions regarding the shooting and determined that Smith was the

victim's mother.  In response to Childress' request to produce identification, Smith became belligerent and shouted profanities at him.  Smith was arrested for breach of the peace.  When Childress first "placed [his] hands on [Smith]," Smith began kicking Childress, and she continued to shout profanities at him.  Smith also assaulted Marshall, who assisted in the arrest.  Smith's demeanor continued to be volatile even after she was placed in handcuffs.

At trial, Smith conceded that she became angry when questioned by Childress and that she used profane language.  However, Smith denied that she kicked or otherwise physically assaulted the officers.

### ANALYSIS

Smith argues that the officers unlawfully arrested her, and therefore, she was legally justified in resisting arrest.  Smith also argues that the trial court erred in construing Code § 18.2-57 to establish absolute liability for any physical altercation with a law enforcement officer, notwithstanding legal justification for resisting by physical force.

On review, we view the evidence in the light most favorable to the prevailing party and grant to it all reasonable inferences fairly deducible therefrom.  See Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998).  "The judgment of a trial court sitting without a jury is entitled to the same weight as a

- 2 -

jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986).  The lawfulness of an arrest and the reasonableness of force used to resist an arrest present mixed questions of law and fact and are reviewed de novo.  See Brown v. Commonwealth, 27 Va. App. 111, 117, 497 S.E.2d 527, 530, (1998); see also Fuller v. Commonwealth, 201 Va. 724, 729-30, 113 S.E.2d 667, 671 (1960) (finding that under the facts of the case the lawfulness of the arrest was a question of law).

The dispositive question is whether the officers had probable cause to arrest Smith.  If not, Smith was entitled to use self-defense to resist the unlawful arrest, so long as the force used was reasonable.  See Brown, 27 Va. App. at 116-17, 497 S.E.2d at 530.  Marshall testified and the record reveals that Smith was initially placed under arrest for breach of the peace.  Code § 18.2-416 provides:

> If any person shall, in the presence or hearing of another, curse or abuse such person, or use any violent abusive language to such person concerning himself or any of his relations, or otherwise use such language, under circumstances reasonably calculated to provoke a breach of the peace, he shall be guilty of a Class 3 misdemeanor.

Application of the statute, however, is limited to "words that have a direct tendency to cause acts of violence by the person to whom, individually, the remark is addressed."  Mercer v. Winston,

- 3 -

214 Va. 281, 284, 199 S.E.2d 724, 726 (1973) (applying prior Code § 18.1-255).

In Burgess v. City of Virginia Beach, 9 Va. App. 163, 385 S.E.2d 59 (1989), the defendant was arrested for using abusive language in violation of a city code, which parallels Code § 18.2-416. The defendant, while driving by two police officers who were attempting to control the crowd at a large party, stuck his head out of the car window and yelled, "F_____ cops." See id. at 165, 385 S.E.2d at 60. Analyzing the violation under Code § 18.2-416, we concluded that the defendant's utterance constituted "fighting words" and affirmed the conviction. See id. at 168, 385 S.E.2d at 61.

The evidence viewed in the light most favorable to the Commonwealth demonstrates that, while attempting to obtain information from Smith regarding her identity, Smith became belligerent and called Childress a "white mother f_____." When Marshall attempted to assist Childress, Smith called him a "white man's ass-kissing mother f_____." Under these circumstances, Smith's conduct constituted a violation of Code § 18.2-416. See Mercer, 214 Va. at 285, 199 S.E.2d at 726; Burgess, 9 Va. App. at 167-68, 385 S.E.2d at 61 (finding that law enforcement officers are not held to a higher level of restraint).

Code § 19.2-74(A)(2) provides, in pertinent part, that where a "person is detained by or is in the custody of an arresting

officer" for a violation of a misdemeanor for which the person cannot receive a jail sentence,

> the arresting officer shall take the name and address of such person and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such a summons or notice. Upon the giving of such person of his written promise to appear at such time and place, the officer shall forthwith release him from custody. However, if any such person shall fail or refuse to discontinue the unlawful act, the officer may proceed according to the provisions of § 19.2-82.

Code § 19.2-74 clearly permits an officer to detain an alleged violator or take the alleged violator into custody long enough to issue a summons. Further, Code § 19.2-74(A)(2) specifically provides that the violator may be arrested in accordance with Code § 19.2-82 if the person fails or refuses to discontinue the unlawful act.

Here, Smith became belligerent and abusive and used "words that ha[d] a direct tendency to cause acts of violence by the person to whom, individually, the remark [was] addressed." Mercer, 214 Va. at 284, 199 S.E.2d at 726 (applying prior Code § 18.1-255). Accepting Smith's argument that the officers were not initially entitled to make a full custodial arrest of her under Code § 18.2-416, the officers were entitled to detain Smith and take her into custody long enough to issue a summons, under Code § 19.2-74(A)(2), which provides that "if any such person

- 5 -

shall fail or refuse to discontinue the unlawful act, the officer may proceed" to arrest the offender.

Smith persisted in her belligerent conduct until it culminated in her arrest and physical altercation with the officers. The officers were unable to obtain basic information regarding Smith's identity that was necessary to issue the summons. The officers, therefore, were entitled to arrest her when it was apparent that she would not cooperate. Smith continued to use profanity and be abusive, and she did not discontinue the use of the abusive language even after she was arrested and brought before the magistrate.

Accordingly, because the officers lawfully arrested Smith for violating Code § 18.2-416, see Code § 19.2-81, Smith was not entitled to use force to repel the arrest. See Polk v. Commonwealth, 4 Va. App. 590, 596, 358 S.E.2d 770, 773 (1987). Because Smith was not entitled on these facts to claim that her detention was illegal and that she had a right to resist, any misstatement by the trial judge concerning the right to resist an unlawful arrest is of no consequence. See Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). For the foregoing reasons, the evidence is sufficient to support Smith's convictions for assault and battery of a police officer in violation of Code § 18.2-57(C).

Accordingly, we affirm the trial court's judgment.

<u>Affirmed.</u>