COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Bumgardner
Argued at Salem, Virginia


ALONZO T. CLARK

v.    Record No. 0434-01-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RUDOLPH BUMGARDNER, III
JANUARY 22, 2002


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

J. Patterson Rogers, 3rd, for appellant.

Marla Graff Decker, Assistant Attorney
General (Randolph A. Beales, Attorney
General, on brief), for appellee.


A jury convicted Alonzo T. Clark of assault and battery on a police officer. On appeal, he contends the trial court erred (1) in denying his motion to suppress, (2) in admitting two exhibits, and (3) in finding the evidence sufficient to support his conviction. Finding no error, we affirm.

"In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the defendant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc) (citation omitted). While we are bound to review

---

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

de novo the ultimate questions of reasonable suspicion and probable cause, we "review findings of historical fact only for clear error, and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996).

Sheriff's Deputy Scott Campbell was investigating an accident on a private, dead-end road involving a car with North Carolina license plates. Property owner Walter Anderson called the police and advised Campbell that he "suspected drug activity" on the road. John Buckner, the tow truck driver, arrived, and blocked the road while pulling the car out of the creek.

The defendant was a passenger in a Jeep that came to a stop behind the tow truck. Campbell approached the driver to advise him the truck would be finished soon and, as part of his investigation, to inquire about whether he knew anything about the accident. He did not suspect criminal behavior, but as Campbell got closer, he noticed the Jeep had improper temporary North Carolina tags.

Campbell asked the driver about the accident. The driver said he had heard about it and acted suspiciously. Campbell thought the driver was hiding something between his legs and recovered a crack cocaine pipe. He removed the driver from the Jeep and handcuffed him.

-

The defendant and the female in the back of the Jeep were jittery, moving around, and talking to each other. Campbell had difficulty watching them because of the tinted windows and asked them to keep their hands visible. They refused to cooperate.

Campbell suspected more drugs or weapons were in the Jeep but was unable to call for backup. Because the situation was escalating, Campbell feared for his safety and that of the bystanders. He asked the defendant to exit the Jeep. As soon as the defendant raised "up from his seat [Campbell] noticed six to ten [unpackaged,] off-white rocks sitting in the passenger seat."

During a quick pat-down of the defendant, Campbell felt a 4-inch long, narrow, cylindrical object in his right front pocket. The defendant was uncooperative and prevented Campbell from ascertaining what the object was. The defendant elbowed Campbell in the jaw, pushed off on his chest, swung at him, and ran. Campbell told Anderson and Buckner to watch the two at the Jeep, drew his gun, and chased the defendant yelling, "stop or I'll shoot."

Campbell pushed the defendant to the ground and re-holstered his weapon. As the two struggled, Campbell told the defendant he was under arrest. Each time Campbell restrained him, the defendant spun out of his control. The defendant repeatedly kicked Campbell in the shin and groin.

-

With Buckner's assistance, Campbell restrained the defendant. Campbell sustained injuries to his left ring finger.

The defendant contends the trial court erred in denying his motion to suppress. He argues Campbell unlawfully stopped the Jeep, exceeded his authority in asking the passengers to keep their hands where he could see them, and unjustifiably ordered the defendant to get out.

The tow truck blocked the road, which forced the Jeep to stop. Deputy Campbell lawfully approached the Jeep after it stopped. Campbell was investigating an accident and reasonably believed the people in the Jeep might have some information about it. The Fourth Amendment was not implicated because there was no seizure. Carson v. Commonwealth, 12 Va. App. 497, 499, 404 S.E.2d 919, 920, aff'd en banc, 13 Va. App. 280, 410 S.E.2d 412 (1991), aff'd, 244 Va. 293, 421 S.E.2d 415 (1992); Buck v. Commonwealth, 20 Va. App. 298, 301-02, 456 S.E.2d 534, 535-36 (1995).[1]

Campbell developed probable cause to arrest the driver. Incident to that arrest, he was authorized to search the car for

---

[1] The Jeep's improper tags also provided reasonable suspicion to detain the driver to determine why the tags were not in order. See Reel v. Commonwealth, 31 Va. App. 262, 265-66, 522 S.E.2d 881, 882-83 (2000) (pink rejection sticker provided reasonable suspicion of criminal activity for investigatory stop).

-

drugs and weapons.[2]  New York v. Belton, 453 U.S. 454, 460 (1981); Lansdown v. Commonwealth, 226 Va. 204, 214, 308 S.E.2d 106, 112 (1983) (search can precede or follow arrest).  Under the circumstances, Campbell could order the defendant passenger out of the Jeep for safety without suspecting him of criminal behavior.  Maryland v. Wilson, 519 U.S. 408, 413-14 (1997).  Campbell was also justified in maintaining the status quo by telling the defendant to keep his hands visible.  Welshman v. Commonwealth, 28 Va. App. 20, 34, 502 S.E.2d 122, 128-29 (1998) (en banc).

The minute the defendant raised up, Campbell observed crack cocaine on his seat.  That observation provided probable cause to arrest him.  Accordingly, the trial court did not err in denying the defendant's motion to suppress.

Next, we consider whether the trial court erred in admitting two exhibits.  The defendant contends the Commonwealth failed to lay a proper foundation for Exhibit 4, a photograph of the crack cocaine on the defendant's seat.  The exhibit was not admitted into evidence and is not contained in the record.  The defendant's argument is moot.

---

[2] Campbell's concern for weapons was reasonable.  Michigan v. Summers, 452 U.S. 692, 702-03 (1981); Logan v. Commonwealth, 19 Va. App. 437, 445, 452 S.E.2d 364, 369 (1994) (en banc) (relationship between drugs and weapons is "well recognized").

-

The defendant also contends the trial court erred in admitting Commonwealth's Exhibit 7, a broken glass tube. The defendant argued to the trial court that no evidence linked him to the tube. Campbell found the glass tube where he had struggled with the defendant and said, "It was consistent with the cylinder like object [I felt] in Mr. Clark's pants area." Defense counsel did not object.

The admissibility of evidence is within the sound discretion of the trial court. Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986). The weight and value of the evidence is a matter for the jury to consider in connection with the other evidence in the case. Cheng v. Commonwealth, 240 Va. 26, 39, 393 S.E.2d 599, 606 (1990); see Charles E. Friend, The Law of Evidence in Virginia § 12-6, 480 (4th ed. 1993) (there must be "some rational connection between the circumstantial evidence introduced and the motive it is offered to establish").

The Commonwealth introduced the glass tube to explain why the defendant resisted arrest and tried to flee. The trial court, noting that it was "circumstantial that it was in [defendant's] possession," admitted the item over the defendant's objection. The record does not reflect the defendant's argument that no evidence connected the tube to him. Moreover, the jury decides the weight of the evidence and whether it connected the defendant to the glass tube.

In his brief, the defendant contends the broken glass tube is highly prejudicial.[3] Drugs were already a part of this case and directly connected to the defendant. This exhibit could not have improperly injected drugs into the case. The trial court did not err in admitting Exhibit 7.

Finally, the defendant challenges the sufficiency of the evidence supporting his conviction of assault and battery on a police officer.[4] The defendant contends he was justified in resisting Campbell because his detention was unlawful.

Campbell lawfully asked the defendant to exit the vehicle. When he observed crack cocaine under the defendant on the seat, Campbell had probable cause to arrest him. The defendant elbowed Campbell, pushed him, and repeatedly kicked him. Because Campbell had probable cause to arrest the defendant, he could not justifiably resist. Smith v. Commonwealth, 30 Va. App. 737, 743, 519 S.E.2d 831, 833 (1999); Polk v. Commonwealth, 4 Va. App. 590, 596, 358 S.E.2d 770, 773 (1987).

For these reasons, we affirm the defendant's conviction.

Affirmed.

---

[3] To the extent the defendant argues the Commonwealth improperly argued about the glass tube during its closing, he failed to raise it before the trial court. Accordingly, his contention is procedurally barred. Rule 5A:18.

[4] "[A]ny person [who] commits . . . an assault and battery against another knowing . . . that such other person is a law-enforcement officer . . . [is] guilty of a Class 6 felony . . . ." Code § 18.2-57(C).

-