COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Coleman
Argued at Chesapeake, Virginia


MARKEICE DEVON PEARSON
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2461-09-1                  JUDGE LARRY G. ELDER
                                                   SEPTEMBER 28, 2010
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            John R. Doyle, III, Judge

        Caswell W. Richardson (Robert H. Knight, III, Assistant Public
        Defender; Office of the Public Defender, on brief), for appellant.

        Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        Markeice Devon Pearson (appellant) challenges the sufficiency of the evidence

supporting his bench trial conviction for assault and battery on a law enforcement officer in

violation of Code § 18.2-57(C), arguing he was legally entitled to use reasonable force to resist

his illegal arrest.  Because the act of spitting in the police officer's face was an unreasonable use

of force, we affirm appellant's conviction.

                                            I.

                                       BACKGROUND

        On April 14, 2009, Officers Platte and Burnham received a 911 dispatch call for a

possible domestic disturbance at a local apartment complex.  When the officers arrived, they

observed appellant standing in the parking lot, "yelling at the top of his lungs [and] taking a

fighting stance."  When the officers attempted to investigate the situation, appellant told Platte

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"Go fuck yourself. I don't have to talk to you." Platte testified that he "got close enough to put [his] hand on [appellant] to grab him and place him into custody" when appellant "violently pulled away and took off running."

The officers pursued appellant through the parking lot, and Platte tackled appellant to the ground. Because appellant resisted Platte's attempt to handcuff him, Burnham deployed pepper spray directly into appellant's face. Officer Herbst arrived at the scene to assist Burnham and Platte in arresting and handcuffing appellant. Herbst then secured appellant's legs in a restraint and placed him in the back seat of the police vehicle. Appellant "kept kind of throwing himself down into the back of the car," requiring Herbst to "assist him up because the medic wanted to make sure he checked out." After appellant kicked the medic several times, Herbst told appellant to calm down. Appellant cursed at Herbst and then spat in his face. This was the only physical contact appellant made with Herbst.

Appellant was charged with three counts of assault and battery, one count involving each of the officers, and one count of resisting arrest. The trial court granted appellant's motion to strike the evidence relating to the resisting arrest charge and the charges for assault and battery on Platte and Burnham but denied the motion relating to the charge of assault and battery on Herbst. After appellant testified in his own defense, the trial court found appellant guilty. Explaining its decision, the trial court held that appellant's act of spitting in Herbst's face "had nothing to do with resisting arrest," "was completely unreasonable and was out of maliciousness and anger."

Appellant timely noted his appeal.

## II.

## ANALYSIS

When a defendant contests the sufficiency of the evidence on appeal, we consider the evidence in the light most favorable to the Commonwealth, the prevailing party below. <u>See</u>

Baldwin v. Commonwealth, 274 Va. 276, 278, 645 S.E.2d 433, 433 (2007). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). The appellate court must review the evidence that tends to support the conviction and uphold the trial court's judgment unless it is plainly wrong or without evidence to support it. Commonwealth v. Duncan, 267 Va. 377, 384, 593 S.E.2d 210, 214 (2004).

Code § 18.2-57(C) provides that "any person [who] commits an assault or an assault and battery against . . . a law enforcement officer . . . shall be guilty of a Class 6 felony." However, "[u]nder the common law, a citizen generally is permitted to use reasonable force to resist an illegal arrest." Commonwealth v. Hill, 264 Va. 541, 546-47, 570 S.E.2d 805, 808 (2002). Evaluating the "lawfulness of an arrest and the reasonableness of force used to resist an arrest present[s] mixed questions of law and fact [that] are reviewed *de novo*." Smith v. Commonwealth, 30 Va. App. 737, 740, 519 S.E.2d 831, 832 (1999).

Appellant argues that the act of spitting constituted a reasonable and proportional form of resistance against his illegal arrest because it was the only method of resisting arrest left available to him after he had been completely restrained and pepper-sprayed.[1] We disagree.[2]

---

[1] Appellant further argues that he was lawfully entitled to physically resist his arrest and that Herbst was an aggressor such that appellant could lawfully direct his resistance toward Herbst. However, the trial court ruled in appellant's favor on these issues, and the Commonwealth does not challenge those findings. Accordingly, we limit our analysis to the sole *disputed* issue: whether the act of spitting was a reasonable use of force to resist an illegal arrest.

[2] We also reject the Commonwealth's contention that appellant cannot now claim on appeal that he was entitled to use force to resist his illegal arrest in light of his testimony at trial. Appellant testified in his own defense that he had not intended to spit in Herbst's face, and the Commonwealth maintains this is inconsistent with the right to resist an unlawful arrest because self-defense necessarily requires an admission of intentional use of force. However, at no point during the course of the bench trial did counsel advance a position that contradicts the arguments he now makes on appeal. As part of his opening argument, motion to strike the evidence, and closing argument, appellant contended the act of spitting was "a legitimate and proportional form of resistance." These arguments raise the same issues appellant now assigns as error on appeal. Thus, appellant has not "'tak[en] successive positions in the course of litigation that are either

The right of an individual to resist an illegal arrest is grounded in the common law principle that "a person who reasonably apprehends bodily harm by another is privileged to exercise reasonable force to repel the assault." [3] Diffendal v. Commonwealth, 8 Va. App. 417, 421, 382 S.E.2d 24, 25 (1989); see Smith, 30 Va. App. at 740, 519 S.E.2d at 832 (allowing the accused "to use self-defense to resist the unlawful arrest" if the officers lacked probable cause to make an arrest); Brown v. Commonwealth, 27 Va. App. 111, 116-17, 497 S.E.2d 527, 530 (1998) ("It has long been held in Virginia that where an officer attempts an unlawful arrest, the officer is an aggressor which gives the arrestee the right to use self-defense to resist so long as the force used is reasonable."). While an "unlawful arrest was considered a great provocation at common law," Hill, 264 Va. at 547, 570 S.E.2d at 808, "the amount of force used must be reasonable in relation to the harm," Diffendal, 8 Va. App. at 421, 382 S.E.2d at 26. In the context of Code § 18.2-57(C), the assault must be "directed at *thwarting* the unlawful arrest." Hill, 264 Va. at 547, 570 S.E.2d at 808 (emphasis added); cf. Humphrey v. Commonwealth, 37 Va. App. 36, 45, 553 S.E.2d 546, 550 (2001) (requiring the accused to show that the use of force "was necessary to *avoid* an imminent threatened harm" in order to constitute self-defense (emphasis added)).

The circumstantial evidence of appellant's intent supports the trial court's findings that appellant's conduct "was out of maliciousness and anger." Intent "may be proved by circumstantial evidence, as long as such evidence excludes all reasonable hypotheses of

---

inconsistent with each other or mutually contradictory.'" Rowe v. Commonwealth, 277 Va. 495, 502, 675 S.E.2d 161, 164 (2009) (quoting Cangiano v. LSH Bldg. Co., 271 Va. 171, 181, 623 S.E.2d 889, 895 (2006)).

[3] We recognize that Virginia is in the minority of jurisdictions that have upheld the right to forcibly resist an unlawful arrest. See Wisconsin v. Hobson, 577 N.W.2d 825, 834 n.19 (Wis. 1998) (listing "[e]leven states [that] have judicially abrogated the common law right to use physical force to resist an arrest which is unlawful but which does not utilize unreasonable force" and "[s]eventeen other states [that] have signaled their agreement by legislatively abrogating the common law defense").

innocence flowing from it." Adams v. Commonwealth, 33 Va. App. 463, 471, 534 S.E.2d 347, 351 (2000). "Circumstantial evidence of intent may include the conduct and statements of the alleged offender, and 'the finder of fact may infer that [he] intends the natural and probable consequences of his acts.'" Id. (quoting Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc)).

The undisputed evidence demonstrates that appellant was belligerent toward the officers. He hurled numerous expletives at Platte and Burnham. Appellant assumed a fighting stance when the officers confronted him in the parking lot of the apartment complex. Immediately prior to spitting, appellant told Herbst, "Fuck you. Suck my dick." Finally, the trial court expressly disregarded appellant's testimony that he did not intentionally spit on Herbst. See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998) ("In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt."). Thus, even though appellant's act of spitting in Herbst's face "involved physical contact and was deeply offensive," Gilbert v. Commonwealth, 45 Va. App. 67, 71, 608 S.E.2d 509, 511 (2005), the circumstantial evidence is sufficient to support the trial court's finding that such conduct was not calculated to repel or thwart the illegal arrest. No reasonable person who has already been placed in handcuffs and leg restraints could expect to evade an arrest by spitting on an officer. On the contrary, as the Commonwealth accurately points out, "it is an act that is likely to escalate the altercation, not deflect or avoid it." Accordingly, appellant's malicious intent in conjunction with the offensive nature of the act of spitting made appellant's conduct toward Herbst an unreasonable use of force to resist arrest.

III.

## CONCLUSION

The circumstantial evidence in this case sufficiently supports a finding that appellant spat in Herbst's face out of malice and not to resist his illegal arrest. Further, the act of spitting in an officer's face cannot be construed as a reasonable use of force to resist an illegal arrest because the act itself is not designed to thwart the officer's efforts to complete the arrest. Accordingly, we affirm appellant's conviction.

<u>Affirmed.</u>