COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Kelsey and McClanahan
Argued at Richmond, Virginia


RASHEIK K. BATTLE

v.            Record No. 1424-06-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE D. ARTHUR KELSEY
JULY 24, 2007


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge

Steven D. Benjamin (Betty Layne DesPortes; Benjamin &
DesPortes, P.C., on briefs), for appellant.

Karen Misbach, Assistant Attorney General II (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Convicted of disorderly conduct in violation of Code § 18.2-415, Rasheik K. Battle

argues on appeal that, even after giving the Commonwealth the benefit of all reasonable

inferences, the factual record does not support the conviction because the statute specifically

excludes "conduct otherwise made punishable" by other Title 18.2 criminal statutes.  We agree

and reverse the conviction.

I.

A Richmond police officer, Carlos Martin, worked an off-duty assignment at a nightclub

one night in January 2006.  While outside the club, Martin saw two club security guards escort

Battle and several of his friends out of the club.  Battle and his companions argued loudly with

each other.  Martin and two other officers, all in their police uniforms, approached Battle and his

friends and told them to "move outside the doorway of the club" because there were "100 to 200

people coming in and going out of the club" that night.

Battle and his friends walked thirty to forty feet down the sidewalk. On that same sidewalk were "a number of people coming up and down" to enter and exit the club. Martin heard Battle and his friends continue to argue among themselves. He then saw Battle make a "striking motion toward another individual." Martin could not see whether a blow landed. Martin ran to them and ordered both to leave the sidewalk area. When Battle refused to obey, Martin repeated his order several times. At that location on the sidewalk, Martin explained, were groups of "people at my back" and "in front of me" still trying to get into the club. Battle cursed Martin so loudly that spit came out of his mouth. Martin pushed Battle against a wall and told him he would be arrested for disorderly conduct if he did not leave as ordered. Battle did not leave, and Martin arrested him.

At Battle's trial for disorderly conduct, the Commonwealth presented Martin's testimony and then rested its case. Battle moved to strike, arguing the disorderly conduct statute, Code § 18.2-415, did not apply to words or conduct "otherwise made punishable" under Title 18.2 of the Code. Battle's conduct, counsel contended, could have been punished under other criminal code provisions, thus exempting it from the scope of the disorderly conduct statute. The trial court denied the motion.

In his case-in-chief, Battle offered only one witness, Hakeem Johnson. He testified that Battled "pushed" but did not strike him outside the club. Battle was justified in doing so, Johnson said, because he had earlier "smacked" Battle. After Battle renewed his motion to strike, the trial court denied the motion and found him guilty of disorderly conduct. On appeal, Battle repeats his argument that his conduct falls outside the scope of Code § 18.2-415 as a matter of law.

II.

Referring to Code § 18.2-415 as the "disorderly conduct" statute, as we often do, tends to oversimplify its reach and betray its conceptual subtleties. Code § 18.2-415 does indeed criminalize conduct that is disorderly, but only subject to various statutory caveats and limitations. The relevant portion of the text reads:

> A person is guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> A. In any street, highway, public building, or while in or on a public conveyance, or public place engages in conduct having a direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct is directed; or
>
> B. Willfully or being intoxicated, whether willfully or not, and whether such intoxication results from self-administered alcohol or other drug of whatever nature, disrupts any funeral, memorial service, or meeting of the governing body of any political subdivision of this Commonwealth or a division or agency thereof, or of any school, literary society or place of religious worship, if the disruption (i) prevents or interferes with the orderly conduct of the funeral, memorial service, or meeting or (ii) has a direct tendency to cause acts of violence by the person or persons at whom, individually, the disruption is directed; or
>
> C. Willfully or while intoxicated, whether willfully or not, and whether such intoxication results from self-administered alcohol or other drug of whatever nature, disrupts the operation of any school or any activity conducted or sponsored by any school, if the disruption (i) prevents or interferes with the orderly conduct of the operation or activity or (ii) has a direct tendency to cause acts of violence by the person or persons at whom, individually, the disruption is directed.
>
> However, the conduct prohibited under subdivision A, B or C of this section shall not be deemed to include the utterance or display of any words or to include conduct otherwise made punishable under this title.

The essential elements of a disorderly conduct charge include the specified *mens rea* ("intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof") and a

concomitant *actus reus* (public conduct tending to cause acts of violence under subsection A, behavior disrupting certain formal public gatherings under subsection B, and behavior disrupting school functions under subsection C).

Following these state-of-mind and conduct elements, Code § 18.2-415 includes a proviso stating "conduct prohibited under subdivision A, B or C of this section shall not be deemed to include the utterance or display of any words or to include conduct otherwise made punishable under this title." This provision, added in 1976, followed <u>Squire v. Pace</u>, 516 F.2d 240 (4th Cir. 1975), which held the statute unconstitutionally vague and overbroad particularly given its potential impact on free speech protections. <u>See</u> <u>generally</u> <u>Twenty-First Annual Survey of Developments in Virginia Law</u>, 62 Va. L. Rev. 1352, 1403-05 (1976).

The 1976 proviso, however, went beyond sheltering the statute from First Amendment scrutiny. The amendment also exempted defendants from disorderly conduct culpability if their "conduct" (prohibited in subsections A, B, or C) was "otherwise made punishable" under Title 18.2. <u>See</u> 1976 Va. Acts, ch. 244. Ordinarily, a "prosecutor has the discretion to decide under which of several applicable statutes the charges shall be instituted." <u>Bishop v. Commonwealth</u>, 49 Va. App. 251, 260, 639 S.E.2d 683, 687 (2007) (footnote and citation omitted). The proviso added to Code § 18.2-415, however, limits prosecutorial discretion by reserving disorderly conduct convictions only for conduct not punishable elsewhere in the criminal code. <u>See</u> Ronald J. Bacigal, <u>Virginia Practice Series: Criminal Offenses & Defenses</u> 166 (2007) (recognizing that conduct "of sufficient gravity to violate some other provision of Title 18.2 . . . must be prosecuted as that crime rather than as disorderly conduct").

The scope of the other-crimes proviso, however, is finely calibrated. It does not say a disorderly conduct charge must be dismissed anytime a defendant could be prosecuted under

both the disorderly conduct statute and another provision of Title 18.2. The proviso, instead, focuses specifically on "conduct prohibited under subdivision A, B or C" and instructs that such conduct cannot include words or conduct "otherwise made punishable under this title." Code § 18.2-415. Conduct cannot be punishable under Title 18.2 without first being criminal.

Thus, the conduct exempted from the reach of Code § 18.2-415 includes only Title 18.2 crimes for which the defendant could be found guilty beyond a reasonable doubt. It is not enough that the defendant could merely be prosecuted for a Title 18.2 crime because that requires only a showing of probable cause. The proviso only applies when a rational factfinder could find the defendant guilty beyond a reasonable doubt for a Title 18.2 crime. Any other view would lead to the anomaly of negating the disorderly conduct statute in its entirety even in cases where no rational factfinder could find the defendant guilty of any criminal offense "punishable" under Title 18.2. See Code § 18.2-415.

Applying these principles here, we assume *arguendo* the trial court correctly found Battle's conduct fell within the scope of subsection A of Code § 18.2-415 because Battle intended "to cause public inconvenience, annoyance or alarm" and engaged in conduct "having a direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct is directed." Code § 18.2-415. The issue before us is whether Battle's convictable disorderly conduct was comprised *solely* of conduct "otherwise made punishable under this title." Id.

We agree with Battle that the subsection A conduct could not be, as the statute puts it, "deemed to include" his assault on Johnson because that action could be punishable under Code § 18.2-57. Battle's subsection A conduct likewise could not include cursing at Martin because that could only be punished, if at all, as fighting words under Code § 18.2-416. See generally

- 5 -

Mercer v. Winston, 214 Va. 281, 283-84, 199 S.E.2d 724, 725-26 (1973) (limiting the curse-and-abuse statute to the "fighting" words holding of Chaplinsky v. New Hampshire, 315 U.S. 568, 573-74 (1942)).

Finally, Battle's refusal to obey Martin's lawful order to move away from the sidewalk so others could come and go from the club in an unobstructed manner could have been punished under Code § 18.2-404, which specifically criminalizes the refusal by someone obstructing the "free passage" of others coming and going from a public place to "move on when requested to do so" by a law enforcement officer. See Tinsley v. Richmond, 202 Va. 707, 715, 119 S.E.2d 488, 493 (1961) (construing analogous municipal ordinance); see generally Gregory v. Chicago, 394 U.S. 111, 112 (1969) (distinguishing between charge alleging a "refusal to obey a police officer" and a charge asserting "disorderly conduct").

III.

In short, the other-crimes proviso of Code § 18.2-415 applies as a matter of law to the disorderly conduct for which Battle was found guilty in this case. His conviction is therefore reversed and the corresponding arrest warrant dismissed.

Reversed and warrant dismissed.