COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Willis
Argued at Chesapeake, Virginia


ROMANN A. THOMAS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1993-07-1                      JUDGE WILLIAM G. PETTY
                                                        SEPTEMBER 23, 2008
CITY OF HAMPTON


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                            Louis R. Lerner, Judge

            Ben Pavek (Deborah Saunders; Office of the Public Defender, on
            briefs), for appellant.

            Jeffry A. Sachs, Deputy City Attorney (Office of the City Attorney,
            on brief), for appellee.


        Following a bench trial, Romann A. Thomas was convicted of disorderly conduct in

violation of Hampton City Code § 24-12.  Thomas reasons that, because he could have been

convicted of other offenses, the other-crimes proviso of Hampton City Code § 24-12 precludes

his prosecution for disorderly conduct.  Therefore, Thomas argues on appeal that the trial court

erred in failing to grant his motion to strike the evidence.  For the following reasons, we disagree

with Thomas and affirm his conviction.

                                I.  Background[1]

        On appeal, we view "the evidence and all reasonable inferences flowing therefrom . . . in

the light most favorable to the prevailing party in the trial court."  Parker v. Commonwealth, 275

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Thomas filed a written statement of facts in lieu of a transcript pursuant to Rule
5A:8(c).

Va. 150, 155, 654 S.E.2d 580, 583 (2008). On March 24, 2006, Hampton City Police responded to a call and arrived at a hotel lobby in which Thomas was standing naked, loudly complaining that "small furry animals" were biting him. Officer Easton arrived at the hotel lobby and observed Thomas' conduct. According to Officer Easton, Thomas appeared to be intoxicated. Thomas was repeatedly asked to leave the area but he refused to do so. Officer Easton testified that a number of people were standing in the foyer and that Thomas was standing in such a position that people in the foyer were blocked from entering the hotel and moving around in the hotel lobby. Officer Easton arrested Thomas for disorderly conduct in violation of Hampton City Code § 24-12.

At trial, Officer Easton admitted that she had probable cause to arrest Thomas for indecent exposure, public intoxication, and obstructing free passage of others. Based on this testimony, Thomas moved to strike the Commonwealth's evidence citing our holding in Battle v. Commonwealth, 50 Va. App. 135, 647 S.E.2d 499 (2007). Thomas argued that he could not be convicted of disorderly conduct as a matter of law because the other-crimes proviso in the City of Hampton ordinance exempted conduct that was otherwise punishable under Chapter 24 of the Hampton City Code.[2] The trial court denied Thomas' motion, and found him guilty of disorderly conduct.

---

[2] Thomas did not argue that his conduct was not disorderly, i.e., that his conduct did not have a "direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct [was] directed." Hampton City Code § 24-12. Therefore, we assume that Thomas' conduct did in fact violate the ordinance and we focus our attention on whether the other-crimes proviso precludes his conviction as a matter of law.

## II. Analysis

The ordinance for which Thomas was convicted provides in relevant part as follows:

> (a) A person is guilty of disorderly conduct and a Class 1 misdemeanor if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> (1) In any street, highway, or public building, or while in or on a public conveyance or public place, engages in conduct having a direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct is directed.
>
> \*　　\*　　\*　　\*　　\*　　\*　　\*
>
> (b) However, the conduct prohibited under subsection (a)(1) . . . of this section shall not be deemed to include . . . conduct otherwise made punishable under this chapter.

Hampton City Code § 24-12. The City enacted this ordinance pursuant to the authority granted by the General Assembly in Code § 18.2-415, which permits localities to enact an ordinance "prohibiting and punishing the acts and conduct prohibited by this section." Because this ordinance parallels the language in Code § 18.2-415, "prior appellate decisions interpreting [the statute] are relevant in our application of the [City of Hampton's] disorderly conduct ordinance to the facts in appellant's case." Howard v. City of Roanoke, 51 Va. App. 36, 43, 654 S.E.2d 322, 325 (2007). While the ordinance is virtually identical to the statute, it contains one material difference. Under Code § 18.2-415, the other-crimes proviso precludes a conviction if the disorderly conduct is comprised solely of conduct punishable under Title 18.2. However, under § 24-12(b) of the Hampton City Code, the other-crimes proviso applies only to a subset of those offenses that are made punishable under Chapter 24 of the Hampton City Code.[3]

---

[3] The net effect is that the disorderly conduct ordinance is much broader in its application than the corresponding statute. We express no opinion on whether Code § 18.2-415 authorizes the adoption of such an ordinance.

In <u>Battle</u>, this Court recognized that the other-crimes proviso limits the application of Code § 18.2-415 and that the limitation "is finely calibrated." <u>Battle</u>, 50 Va. App. at 140, 647 S.E.2d at 501. We noted that "it is not enough that the defendant could merely be prosecuted for a Title 18.2 crime because that requires only a showing of probable cause," rather, "the conduct exempted" by the other-crimes proviso "includes only Title 18.2 crimes for which the defendant could be found guilty beyond a reasonable doubt." <u>Id.</u> Furthermore, <u>Battle</u> narrowed the application of the other-crimes proviso to preclude a conviction only when the "convictable disorderly conduct is comprised *solely* of conduct 'otherwise made punishable under this title.'" <u>Id.</u> at 141, 647 S.E.2d at 502 (emphasis in original). Thus, each distinct act that, in the aggregate, constitutes disorderly conduct must be otherwise punishable under Title 18.2 of the Code for the limitation to apply.

That same analysis applies in this case. In order for Thomas to prevail, his "convictable disorderly conduct [must be] comprised *solely* of conduct otherwise made punishable under [Chapter 24 of the Hampton City Code]." <u>Id.</u> (emphasis in original) (internal quotation marks omitted). Or, to state it another way, it is not enough that *some* of his disorderly conduct was subject to conviction of another offense – *all* of his conduct must have constituted separate offenses under Chapter 24 in order for the exclusion to apply.

Thomas concedes that he committed three distinct acts that would each constitute disorderly conduct. Specifically, Thomas concedes that standing naked in the hotel lobby, appearing intoxicated in a public place, and preventing hotel patrons from freely moving about the lobby would each, individually, constitute disorderly conduct. Thomas contends, however, that those individual acts would also support a conviction of indecent exposure, public intoxication, and obstructing the free passage of others, respectively.

Even assuming that Thomas' argument is correct, his conduct does not come within the other-crimes proviso of the ordinance. As we noted above, this proviso only excludes offenses otherwise subject to prosecution under Chapter 24 of the Hampton City Code. The Hampton ordinance punishing indecent exposure is codified in Section 12, Chapter 23 of the Hampton City Code. Because the indecent exposure ordinance is not codified within Chapter 24, it does not preclude a disorderly conduct conviction under the ordinance. Thus, standing naked in the hotel lobby and loudly complaining that small furry animals were biting him is not conduct "otherwise made punishable" under Chapter 24 of the Hampton City Code. Because Thomas' convictable disorderly conduct is not comprised solely of conduct otherwise punishable under Chapter 24 of the Hampton City Code, we hold that the other-crimes proviso does not preclude Thomas' disorderly conduct conviction.

## III. Conclusion

Because we conclude that Thomas' conduct does not fall within the other-crimes proviso of the ordinance, the trial court did not err in denying Thomas' motion to strike the evidence based on Battle, 50 Va. App. 135, 647 S.E.2d 499. Therefore, we affirm his conviction.

Affirmed.