**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4572**

———————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

WALTER FAYALL, III,

              Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:06-cr-00765-TLW-1)

———————————

Submitted:  January 12, 2009        Decided:  March 9, 2009

———————————

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  W. Walter Wilkins, United States
Attorney, Rose Mary Parham, Carrie A. Fisher, Assistant United
States Attorneys, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Fayall, III, was indicted for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Fayall moved to suppress the evidence upon which the indictment was based, arguing that he was arrested, and his vehicle was searched, without reasonable suspicion or probable cause. The district court denied the motion after an evidentiary hearing. Fayall pled guilty, preserving his right to appeal the denial of the suppression motion, and was sentenced to thirty-six months' imprisonment.

Fayall argues on appeal that the district court erred in denying his motion to suppress because the officers did not have probable cause to arrest him for trespassing under a municipal ordinance of Myrtle Beach, South Carolina. He also contends that the ordinance is void for vagueness under the United States Constitution and facially invalid under the laws and Constitution of South Carolina.

We review the district court's factual findings underlying the denial of a motion to suppress for clear error and its legal conclusions de novo. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion has been denied, we construe the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

2

An arresting officer may, without a warrant, search a person who is validly arrested based upon probable cause. Michigan v. DeFillippo, 443 U.S. 31, 35-36 (1979). When an occupant or recent occupant of a vehicle is lawfully arrested, officers may also search the vehicle incident to the arrest. Thornton v. United States, 541 U.S. 615, 623-24 (2004). "[O]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." Illinois v. Gates, 462 U.S. 213, 235 (1983) (internal quotation marks and citation omitted). In the context of an arrest, probable cause exists "when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998) (quoting DeFillippo, 443 U.S. at 37).

The Myrtle Beach city ordinance under which Fayall was arrested provides that "no person shall enter upon the lands or premises owned or occupied by another for any other reason than a legitimate cause." When officers arrest a suspect based upon observation of conduct that violates a presumptively valid ordinance, sufficient to constitute probable cause, and the ordinance has not been declared unconstitutional, a subsequent determination that the ordinance is unconstitutional does not

3

invalidate the arrest and any incident search, "with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws." DeFillippo, 443 U.S. at 37-40.

In this case, the district court properly found that Fayall's arrest was supported by probable cause. The arresting officers observed Fayall next to a vehicle parked in a parking lot of a closed business, in an area that was marked as a tow-away zone. Upon questioning, Fayall and another individual accompanying him could not state any valid reason for their presence on the property. Fayall would not respond to the request for information, and the other individual stated that they were parking there in order to "walk along the strip" nearby. These were sufficient facts to demonstrate a reasonable probability that Fayall was violating the Myrtle Beach trespassing ordinance. Because the ordinance has not been declared unconstitutional, and is not "grossly and flagrantly unconstitutional" on its face, the validity of the search incident to Fayall's arrest is not affected by any arguments that the ordinance should be declared unconstitutional.

Finding no error in the district court's denial of Fayall's motion to suppress, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED