**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2202**

ROBERT HARRISON,

        Plaintiff - Appellant,

    v.

CHARLIE T. DEANE, individually and in his official capacity
as Chief of the Prince William County Police Department;
MICHAEL SULLIVAN, individually and in his official capacity
as a member of the Prince William County Police Department;
JOHN MORA, individually and in his capacity as a member of
the Prince William County Police Department; JOHN DOES 1-10,
individually and in their capacity as members of the Prince
William County Police Department,

        Defendants – Appellees,

    and

PRINCE WILLIAM COUNTY POLICE DEPARTMENT; GREG PASS,

        Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (1:08-cv-00677-JCC-TCB)

Argued:  January 28, 2011        Decided:  April 29, 2011

Before DUNCAN and WYNN, Circuit Judges, and Irene C. BERGER,
United States District Judge for the Southern District of West
Virginia, sitting by designation.

Affirmed by unpublished opinion. Judge Wynn wrote the opinion, in which Judge Duncan and Judge Berger joined.

---

**ARGUED:** John Gordon Humphrey, THE HUMPHREY LAW FIRM, Alexandria, Virginia, for Appellant. Mary Alice Rowan, COUNTY ATTORNEY'S OFFICE, Prince William, Virginia, for Appellees. **ON BRIEF:** Angela L. Horan, County Attorney, Prince William, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

WYNN, Circuit Judge:

Plaintiff Robert Harrison brought this 42 U.S.C. § 1983 action against various Prince William County, Virginia police officers, alleging that his constitutional rights were violated when he was arrested for cursing at an officer. Harrison argues that the Virginia statute under which he was arrested was unconstitutional and therefore could not serve as the basis for probable cause to arrest him. But that statute has never before been declared unconstitutional, and it is not so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws.[1] We therefore reject Harrison's contention that it could not form the basis for probable cause and affirm the judgment of the district court.

## I.

On October 4, 2005 Harrison was returning home to his apartment in Woodbridge, Virginia after work. Harrison was riding in the front passenger seat of a car driven by his friend Marquis Christopher. As Harrison and Christopher approached the apartment complex, they observed a number of black vehicles blocking the road. Christopher rolled down a window and asked a woman leaning into the trunk of a car if they could pass.

---

[1] Michigan v. DeFillippo, 443 U.S. 31, 38 (1979).

The woman, Officer Jennifer Evans, turned around and displayed a police badge. Defendant Officer John Mora was returning to his car when he saw Evans speaking with the men in the car. Evans told Mora that the men had made sexually inappropriate comments to her. Mora advised Harrison and Christopher to leave and told them that it was inappropriate to speak to a female officer that way. Mora testified that as Harrison rolled up the window, Harrison looked back at Mora and called him a bitch.

Christopher then pulled into the parking lot in front of Harrison's apartment. At this point, Mora believed he had probable cause to cite Harrison for violating Virginia Code § 18.2-388. That statute provides that "[i]f any person profanely curses or swears or is intoxicated in public . . . he shall be deemed guilty of a Class 4 misdemeanor." Va. Code. Ann. § 18.2-388 (2009). Mora walked up to the passenger side of the vehicle.

The accounts of what happened next are conflicting. Harrison testified that he was snatched out of the car and pushed up against the roof. Harrison asked what he was being arrested for and was thrown to the ground by three officers. Harrison testified that his head hit the pavement, and that Mora ground his head into the pavement. Harrison said the officers picked him up, handcuffed him, and sat him down on the curb.

4

Mora testified that he asked Harrison to step out of the vehicle. Harrison eventually opened the car door and stood up. Mora said he told Harrison to place his hands on the roof of the car. When Harrison would not comply, Mora grabbed one of Harrison's arms and placed it behind his back. Harrison started to struggle, and Mora took him to the ground. Another officer helped get Harrison's left arm from under him, and the officers sat Harrison, handcuffed, on the curb.

After arresting Harrison, Mora signed a criminal complaint and affidavit summarizing the incident and requesting charges for violation of Virginia Code §§ 18.2-388 and 18.2-415.[2] Harrison was brought before a magistrate who examined Mora and other officers. The magistrate signed a warrant for arrest

---

[2] Virginia Code § 18.2-415 states that:

A person is guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

A. In any street, highway, public building, or while in or on a public conveyance, or public place engages in conduct having a direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct is directed[.]

. . . .

However, the conduct prohibited under subdivision A, B or C of this section shall not be deemed to include the utterance or display of any words or to include conduct otherwise made punishable under this title.

Va. Code Ann. § 18.2-415 (2009).

5

charging Harrison with violation of Virginia Code § 18.2-415. The magistrate also signed a summons requiring Harrison to answer charges under Virginia Code § 18.2-416.[3]

On July 1, 2008, Harrison filed a complaint against the Prince William County Police Department and various police officers, including Mora, in their individual and official capacities. Harrison sought injunctive and monetary relief under 42 U.S.C. § 1983 for alleged violations of his constitutional protections against illegal seizure, false arrest, excessive force, denial of medical care, conspiracy to violate civil rights, and violations of equal protection. The complaint also sought relief for violations of state law protections against assault and battery and intentional infliction of emotional distress.

The case was tried before a jury on September 8, 2009. At the close of the evidence, Harrison moved for judgment as a matter of law on the claims against Mora related to illegal

---

[3] Virginia Code § 18.2-416 provides that:

> If any person shall, in the presence or hearing of another, curse or abuse such other person, or use any violent abusive language to such person concerning himself or any of his relations, or otherwise use such language, under circumstances reasonably calculated to provoke a breach of the peace, he shall be guilty of a Class 3 misdemeanor.

Va. Code Ann. § 18.2-416 (2009).

seizure, unlawful arrest, excessive force, and assault and battery. The district court denied Harrison's motion.

Harrison submitted proposed jury instructions on the issue of unlawful seizure. These were included in the instructions that the district court read to the jury. The district court also separately instructed the jury using the language of the Virginia statutes. Harrison objected to submitting the language of the statutes, particularly Virginia Code § 18.2-388, to the jury. During deliberations, the jury requested a copy of the curse and abuse statute. Harrison again objected. Nevertheless, the district court sent a copy of the statute to the jury. The jury decided all claims in favor of the Defendants, and Harrison appealed.

## II.

Harrison first argues that the district court erred in denying his motion for judgment as a matter of law. Harrison argues that Virginia Code § 18.2-388 is facially invalid and therefore Mora lacked probable cause to arrest him. Harrison contends that he said only "a single curse word to a trained police officer" and that arresting someone on that basis is unconstitutional. Appellant's Opening Brief at 8.

Judgment as a matter of law is appropriate when the district court finds that a reasonable jury would not have a

7

legally sufficient evidentiary basis to find for the nonmoving party.  Fed. R. Civ. P. 50(a).  "We review de novo the grant or denial of a motion for judgment as a matter of law."  Anderson v. Russell, 247 F.3d 125, 129 (4th Cir. 2001).

## A.

The Fourth Amendment guarantees "[t]he right of the people to be secure . . . against unreasonable searches and seizures." U.S. Const. amend IV.  It permits officers to make an arrest, however, when the officers have probable cause to believe that a person has committed a crime in their presence.  Virginia v. Moore, 553 U.S. 164, 178 (2008).  Virginia law is consistent with federal law in this regard.  The Supreme Court of Virginia recognizes that "probable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed."  Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (Va. 1981) (citing Draper v. United States, 358 U.S. 307, 313 (1959)).

The First Amendment states that "Congress shall make no law . . . abridging the freedom of speech."  U.S. Const. amend. I. "[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers."  City of

8

<u>Houston, Tex. v. Hill</u>, 482 U.S. 451, 461 (1987). In <u>Hill</u>, the Supreme Court invalidated a city ordinance that prohibited speech that in any manner interrupted an officer in the performance of his duties. <u>Id.</u> at 462; <u>see also</u> <u>Lewis v. City of New Orleans</u>, 415 U.S. 130, 134 (1974) (invalidating an ordinance that criminalized cursing at an officer). The Supreme Court has recognized, however, that states may constitutionally prohibit fighting words, i.e., those which by their very utterance tend to incite an immediate breach of the peace. <u>See</u> <u>Chaplinsky v. New Hampshire</u>, 315 U.S. 568, 572 (1942).

Harrison argues that the United States Constitution limits the application of Virginia Code §§ 18.2-388 and 18.2-416 to fighting words. Harrison recognizes, however, that no court has limited the application of Virginia Code § 18.2-388 to words that have a tendency to incite an immediate breach of the peace.[4] Harrison contends, nonetheless, that "the fact that a court has not specifically commented on Va. Code § 18.2-388's application to speech has no bearing on . . . an officer's duty to follow clearly established constitutional law." Appellant's Opening

---

[4] The Virginia Court of Appeals held unconstitutional a city ordinance containing language that "parallels the language of Code § 18.2-388." <u>Burgess v. City of Va. Beach</u>, 9 Va. App. 163, 165, 385 S.E.2d 59, 60 (Va. App. 1989), <u>overruled in part as recognized by</u> <u>Marttila v. City of Lynchburg</u>, 33 Va. App. 592, 600 n.5, 535 S.E.2d 693, 697 n.5 (Va. App. 2000). <u>Burgess</u> does not, however, purport to invalidate Virginia Code § 18.2-388.

Brief at 25. Harrison concludes that he was entitled to a judgment that he was arrested without probable cause.

We are directed to no Fourth Circuit precedent addressing the issue of whether an allegedly unconstitutional statute can form a basis for probable cause. Our research has revealed none.[5] The Supreme Court has, however, addressed this very issue.[6]

B.

In Michigan v. DeFillippo, 443 U.S. 31 (1979), the Supreme Court held that an officer had probable cause to arrest a suspect for refusing to identify himself, notwithstanding that the applicable ordinance was invalid and would be judicially declared unconstitutional. Id. at 37. The Court explained that at the time of the arrest, "there was no controlling precedent that this ordinance was or was not constitutional, and hence the conduct observed violated a presumptively valid ordinance." Id. A prudent officer, the Court said, "should not have been

---

[5] The closest case appears to be United States v. Fayall, 315 F. App'x 448, 449-50 (4th Cir. 2009), an unpublished opinion involving a city ordinance.

[6] We note that neither party cited this case, which is crucial to this appeal's resolution.

10

required to anticipate that a court would later hold the ordinance unconstitutional." Id. at 38.

"Police are charged to enforce laws until and unless they are declared unconstitutional." Id. DeFillippo thus announced that probable cause may exist even under an unconstitutional statute, with one caveat. "The enactment of a law forecloses speculation by enforcement officers concerning its constitutionality-with the possible exception of a law so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws." Id. This exception has been employed sparingly. See United States v. Cardenas-Alatorre, 485 F.3d 1111, 1117 n.15 (10th Cir. 2007) ("Only in the rarest of instances, as reflected in the standard set forth in DeFillippo, is an officer expected to question the will of the majority embodied in a duly, and democratically, enacted law; . . . ."). As the Supreme Court explained, "[s]ociety would be ill-served if its police officers took it upon themselves to determine which laws are and which are not constitutionally entitled to enforcement." DeFillippo 443 U.S. at 38; see also Illinois v. Krull, 480 U.S. 340, 349-50 (1987) ("Unless a statute is clearly unconstitutional, an officer cannot be expected to question the judgment of the legislature that passed the law.").

11

The Sixth Circuit used the DeFillippo exception in Leonard v. Robinson, 477 F.3d 347 (6th Cir. 2007). The plaintiff there was arrested at a township board meeting for saying the phrase "God damn" pursuant to state statutes prohibiting disorderly conduct and obscenity. Id. 352. The plaintiff sued the arresting officer for violating his Fourth Amendment rights and First Amendment retaliation. Id. On appeal, the Sixth Circuit held that the First Amendment "preclude[d] a finding of probable cause because the laws cited . . . are either facially invalid, vague, or overbroad when applied to speech (as opposed to conduct) at a democratic assembly where the speaker is not out of order." Id. at 356. The Court rejected an argument based on DeFillippo, stating "no reasonable police officer would believe that any of the . . . Michigan statutes . . . are constitutional as applied to Leonard's political speech during a democratic assembly." Id. at 359.[7]

The Sixth Circuit appears to be alone amongst the circuits in recognizing any restrictions on speech that meet the DeFillippo exception. In Vives v. City of New York, 405 F.3d 115 (2nd Cir. 2004), the Second Circuit held the defendants could rely on the presumptive validity of a statute prohibiting

_____

[7] Notably, Judge Sutton dissented, believing that DeFillippo compelled a contrary result. Leonard, 477 F.3d at 365.

aggravated harassment when they arrested the plaintiff for sending religious literature to a candidate for lieutenant governor. Id. at 118. In Cooper v. Dillon, 403 F.3d 1208 (11th Cir. 2005), the Eleventh Circuit rejected the argument that a statute making it illegal to publish information obtained pursuant to an internal investigation of a law enforcement officer was so grossly and flagrantly unconstitutional that the arresting officer should have known it was unconstitutional. Id. at 1220. And in Lederman v. United States, 291 F.3d 36 (D.C. Cir. 2002), the D.C. Circuit held that a regulation banning leafleting on a public sidewalk was not so grossly and flagrantly unconstitutional that officers should have recognized its flaws. Id. at 47. These cases establish that the possible exception recognized in DeFillippo does not apply merely because a person alleges a violation of his First Amendment rights.

## C.

Under DeFillippo, Mora had probable cause to believe that Harrison was breaking a presumptively valid law, unless the law was "so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws." DeFillippo, 443 U.S. at 38. Although not framed as such, Harrison's argument amounts to the claim that Virginia Code § 18.2-388 meets this exception. Harrison relies on Leonard for

13

the proposition that officers "can only apply a statute in accordance with clearly established constitutional law regardless of the text of the statute." Appellant's Opening Brief at 47. "No one," Harrison asserts, "could reasonably believe that Va. Code § 18.2-388 should be applied as written . . . ." Id. at 26.

Harrison's reliance on Leonard is misplaced. The Sixth Circuit there explained that in light of the "prominent position that free political speech has in our jurisprudence and in our society, it cannot be seriously contended that any reasonable peace officer, or citizen, for that matter, would believe that mild profanity while peacefully advocating a political position could constitute a criminal act." Leonard, 477 F.3d at 361. Unlike the plaintiff in Leonard, Harrison was not arrested for voicing a mild profanity while advocating a political position at a democratic assembly. Mora's decision to arrest Harrison therefore cannot be similarly evaluated.

Moreover, Leonard does not support the proposition that officers may disregard the text of a statute in preference for a constitutional interpretation. On the contrary, courts have consistently recognized that police officers may rely on the presumptive validity of statutes. See, e.g., Cooper, 403 F.3d at 1220 (noting that the officer "was entitled to assume that the current [statute] was free of constitutional flaws.");

14

Connecticut ex rel. Blumenthal v. Crotty, 346 F.3d 84, 105 (2d Cir. 2003) ("Officials charged with enforcing a statute on the books . . . are generally entitled to rely on the presumption that all relevant legal and constitutional issues have been considered and that the statute is valid."); Grossman v. City of Portland, 33 F.3d 1200, 1209 (9th Cir. 1994) ("[P]olice officers on the street are ordinarily entitled to rely on the assumption that . . . the ordinance is a valid and constitutional exercise of authority."). Thus, Leonard does not support Harrison's claim that Mora's reliance on a presumptively valid statute was unreasonable.

Although Harrison makes a compelling argument that Virginia Code § 18.2-388 is unconstitutional, he fails to show that it is so grossly and flagrantly unconstitutional that Mora should have anticipated its invalidation. We hold that Virginia Code § 18.2-388 does not satisfy the possible exception identified by DeFillippo. 443 U.S. at 38. Mora therefore had probable cause to believe that Harrison violated a presumptively valid state law.[8]

---

[8] Because we hold that Mora could have had probable cause under Virginia Code § 18.2-388, we need not determine whether he also could have had probable cause under Virginia Code § 18.2-415 or § 18.2-416.

15

D.

This determination disposes of all Harrison's claims for judgment as a matter of law. With regard to Harrison's illegal seizure claim, we have recognized that police may arrest an offender even for a "very minor criminal offense" so long as the seizure is supported by probable cause. Figg v. Schroeder, 312 F.3d 625, 636 (4th Cir. 2002). With regard to Harrison's false arrest claim, "there is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause." Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974).

Harrison concedes that "[i]f the Court finds probable cause or reasonable suspicion existed, . . . his appeal regarding excessive force fails." Appellant's Reply Brief at 25. Finally, Harrison was not entitled to judgment as a matter of law on his state law claims for assault and battery. See DeChene v. Smallwood, 226 Va. 475, 481, 311 S.E.2d 749, 752 (Va. 1984) (officer could not be subjected to civil liability for false imprisonment or assault and battery when the officer acted in good faith and with probable cause). Thus, the district court did not err in denying Harrison's motion for judgment as a matter of law.

III.

Harrison next argues that the district court erred in failing to instruct the jury as to the constitutional limitations on the application of state law.

We review jury instructions to determine whether they, construed as a whole, properly informed the jury of the controlling legal principles without misleading or confusing the jury. Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 775 (4th Cir. 1997). "A judgment will be reversed for error in jury instructions only if the error is determined to have been prejudicial, based on a review of the record as a whole." Id. (citation and quotation marks omitted).

Here, Harrison argues that the jury was misled because it received instructions that permitted it to find probable cause to arrest on the basis of Virginia Code § 18.2-388 alone, which by its terms allows for an unconstitutional arrest. Harrison recognizes that the district court submitted his proposed instructions that reflected the statutes "as they had been limited by court precedent." Appellant's Opening Brief at 61. Harrison contends, however, that by submitting the statutes to the jury separately, the district court "allowed the jury to find against [him] on an unconstitutional basis." Id.

Harrison points to no case finding error in a district court's submitting statutes to a jury. Insofar as Harrison

17

argues that the district court allowed the jury to find probable cause to arrest under an unconstitutional statute, he has not—for the reasons stated above—shown that the district court's instruction was erroneous. See DeFillippo, 443 U.S. at 37. Indeed, the inclusion of Harrison's proposed instructions, potentially limiting the scope of probable cause, could only have benefited him. Harrison consequently fails to show that the district court erred in its instructions to the jury, which adequately stated the controlling law. See Sturges v. Matthews, 53 F.3d 659, 662 (4th Cir. 1995) (refusing to reverse alleged error in instructions when they "contained an adequate statement of the law to guide the jury's determination").

IV.

In sum, we hold that Virginia Code § 18.2-388 is not "so grossly and flagrantly unconstitutional that any person of reasonable prudence would be bound to see its flaws." DeFillippo, 443 U.S. at 38. The statute could therefore provide a basis for Officer Mora to have probable cause to believe that Harrison was violating a presumptively valid state law. Harrison was thus not entitled to judgment as a matter of law. For the same reason, the district court did not err in failing to instruct the jury on the constitutional limitations of the

18

application of state law.  The judgment of the district court is accordingly

AFFIRMED.