COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Chafin and O'Brien
Argued at Norfolk, Virginia


JOSIAH A. CARY

MEMORANDUM OPINION[*] BY
v.      Record No. 2068-14-1      JUDGE MARY GRACE O'BRIEN
OCTOBER 20, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Mary Jane Hall, Judge

(Lenita J. Ellis, on brief), for appellant. Appellant submitting on
brief.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Josiah A. Cary was convicted in a bench trial for disorderly conduct, in violation of Code

§ 18.2-415, and walking on a roadway, in violation of Norfolk City Ordinance § 25-630. He

alleges the following error:

> The trial court committed reversible error and/or abused its
> discretion by refusing to strike the evidence of the disorderly
> conduct (18.2-415) charge at the close of the Commonwealth's
> evidence and again at the close of all the evidence because
> defendant's behavior amounted to obstruction of justice
> (18.2-460), not disorderly conduct and should have been dismissed
> pursuant to the other-crimes proviso language in Code of Virginia
> section 18.2-415; the other-crimes proviso provides that disorderly
> conduct (18.2-415) is not the appropriate charge if there is another
> statute in the criminal code that a person may be charged with,
> which was obstruction of justice (18.2-460) in this case.

Finding no error, we affirm the trial court's ruling.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.  BACKGROUND

"'Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below.'"  Smallwood v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)).  "'We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.'"  Id. (quoting Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004)).

At approximately 1:00 a.m. on May 15, 2014, Officer Casi Howard was on patrol when she saw Josiah Cary ("appellant") walking along a roadway by himself.  She testified that appellant was shouting so loudly that the people in a nearby gas station parking lot were looking in his direction.  Officer Howard attempted to stop him, but he crossed the street without using the crosswalk that was within fifty feet of him.  As Officer Howard approached appellant, he attempted to cross the roadway again, but he could not get through the bushes in a median.

By then, Officer Howard had reached appellant, who turned and faced her.  The officer asked appellant his name.  He refused to answer and exclaimed, "I know my constitutional rights and I don't have to tell you my name."  Officer Howard explained that she needed his name and identification, and she asked him why he was shouting.  Appellant continued to be uncooperative and refused to answer any questions.  The officer then arrested him for disorderly conduct in violation of Code § 18.2-415 and issued a summons for walking in a roadway.

At the conclusion of the Commonwealth's case, appellant made a motion to strike and argued that the conduct in question amounted to obstruction of justice, not disorderly conduct.  The court denied the motion.  Appellant rested without presenting any evidence and renewed his

motion to strike.  The court found him guilty of disorderly conduct and walking in a roadway.

Appellant challenged the disorderly conduct conviction.

## II.  ANALYSIS

### A.  Standard of Review

Appellant argues that he was improperly convicted of the crime of disorderly conduct because his actions constituted the crime of obstruction of justice, in violation of Code § 18.2-460.  His assignment of error requires an examination of the sufficiency of the evidence presented at trial.  When considering the sufficiency of evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, the prevailing party at trial, and grant to it all reasonable inferences fairly deducible therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On review, this Court does not substitute its own judgment for that of the trier of fact.  Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992).  The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Appellant was convicted of a violation of Code § 18.2-415, which provides in pertinent part:

> A person is guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
>
> A.  In any street, highway, public building, or while in or on a public conveyance, or public place engages in conduct having a direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct is directed.

Appellant relies on the following language of the statute prohibiting disorderly conduct: "However, the conduct prohibited under subdivision A, B or C of this section shall not be

deemed to include the utterance or display of any words or to include conduct otherwise made punishable under this title." Code § 18.2-415 ("the other crimes proviso").

Whether the other crimes proviso requires a dismissal of the disorderly conduct charge is a question of statutory construction. We review such questions *de novo* on appeal. Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011). Courts apply the plain meaning of a statute "'unless the terms are ambiguous or applying the plain language would lead to an absurd result.'" Baker v. Commonwealth, 284 Va. 572, 576, 733 S.E.2d 642, 644 (2012) (quoting Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006)).

B. Discussion

Appellant relies on Battle v. Commonwealth, 50 Va. App. 135, 647 S.E.2d 499 (2007), as authority for the proposition that the other crimes proviso of Code § 18.2-415 precludes him from being convicted of a violation of that Code section. In Battle, we reversed the defendant's conviction of disorderly conduct "because the statute specifically excludes 'conduct otherwise made punishable' by other Title 18.2 criminal statutes." Id. at 137, 647 S.E.2d at 499-500 (quoting Code § 18.2-415). We clarified, however, that the proviso

> does not say a disorderly conduct charge must be dismissed anytime a defendant could be prosecuted under both the disorderly conduct statute and another provision of Title 18.2. The proviso, instead, focuses specifically on "conduct prohibited under subdivision A, B or C" and instructs that such conduct cannot include words or conduct "otherwise made punishable under this title."

Id. at 140, 647 S.E.2d at 501 (quoting Code § 18.2-415). Therefore, "the conduct exempted from the reach of Code § 18.2-415 includes only Title 18.2 crimes for which the defendant could be found guilty beyond a reasonable doubt." Id. It is insufficient to show that a defendant merely

could be *prosecuted* for a crime; the proviso only applies if a factfinder could find the defendant *guilty beyond a reasonable doubt* of another crime. Id.

In Battle, the defendant assaulted a club patron, cursed at the reporting police officer, and then refused to obey the officer's order to move away from the sidewalk so that others could come and go from the club. Id. at 137, 647 S.E.2d at 500. This Court held that the assault could have been punishable as a violation of Code § 18.2-57, the cursing could have been punishable under Code § 18.2-416, and the obstruction of the sidewalk could have been punishable under Code § 18.2-404. Id. at 141, 647 S.E.2d at 502. Each was a distinct act punishable as a criminal offense, and because they only constituted the crime of disorderly conduct in the aggregate, the other crimes proviso of Code § 18.2-415 applied and prohibited a conviction of that offense. Id. Therefore, his conviction was reversed and his arrest warrant dismissed. Id.

In the present case, appellant argues that he could have been found guilty of obstruction of justice under Code § 18.2-460 and, therefore, the other crimes proviso prohibits his conviction of disorderly conduct. He asserts that we should reverse his conviction, as we did in Battle.

Pursuant to Code § 18.2-460, a defendant is guilty of obstruction of justice if he "without just cause knowingly obstructs a . . . law-enforcement officer . . . in the performance of his duties as such or fails or refuses without just cause to cease such obstruction when requested to do so by such . . . law-enforcement officer." We have held that "'there must be acts clearly indicating an intention on the part of the accused to prevent the officer from performing his duty, as to obstruct ordinarily implies opposition to or resistance by direct action.'" Craddock .v Commonwealth, 40 Va. App. 539, 553, 580 S.E.2d 454, 461 (2003) (quoting Ruckman v. Commonwealth, 28 Va. App. 428, 429, 505 S.E.2d 388, 389 (1998)) (internal quotation marks omitted). Further, "[o]bstruction of justice [under Code § 18.2-460(A)] does not occur when a

person fails to cooperate fully with an officer or when the person's conduct merely renders the officer's task more difficult but does not impede or prevent the officer from performing that task." Ruckman, 28 Va. App. at 429, 505 S.E.2d at 389.

Here, while appellant's conduct demonstrated an intent to cause public inconvenience, annoyance or alarm as required for a conviction of disorderly conduct, there was no evidence proving beyond a reasonable doubt that he had an intention to prevent the officer from performing her duties, which is the conduct prohibited by Code § 18.2-460. Appellant was walking along a roadway alone at 1:00 a.m., shouting in such a manner that he attracted the attention of people at a nearby parking lot. When the officer reached him, he turned and faced her. His failure to identify himself to the officer was the only conduct that could be considered an effort to prevent her from performing her duties.[1] His other actions, however, were not, in the aggregate, sufficient to be otherwise punishable under Title 18.2 of the Code of Virginia, which would cause the proviso to apply. Accordingly, we do not find merit in appellant's assignment of error and we therefore affirm the trial court's ruling.

III. CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.

Affirmed.

---

[1] We recognize that, pursuant to Norfolk City Ordinance § 29-73.1, "any person whom the officer encounters under circumstances creating a reasonable suspicion that the person has committed, is committing or is about to commit a crime . . . shall identify himself by giving his full legal name" or be guilty of a Class 3 misdemeanor. Nevertheless, because such conduct only violates a city ordinance and is not "otherwise made punishable under" Title 18.2, the other crimes proviso does not apply.