UNITED STATES of America

v.

Debra WILSON, Defendant.

CRIMINAL NO. 2:16mj425

United States District Court,
E.D. Virginia,
Norfolk Division.

Signed March 23, 2017

James T. Cole, United States Attorney Office, Norfolk, VA, for United States of America.

Jason Alan Dunn, Jason A. Dunn, PLC, Virginia Beach, VA, Wilfredo Bonilla, Jr., Federal Public Defender's Office, Norfolk, VA, for Defendant.

## MEMORANDUM ORDER

### REBECCA BEACH SMITH, CHIEF JUDGE

On October 24, 2016, the Defendant was charged by Criminal Information under 18 U.S.C. § 7 and 18 U.S.C. § 13 with Driving under the Influence of Alcohol, in violation of Virginia Code § 18.2–266 and § 18.2–270 (Count One); Disorderly Conduct, in violation of Virginia Code § 18.2–415 (Count Two); and Intoxication in Public, in violation of Virginia Code § 18.2–388 (Count Three). ECF No. 1. On February 15, 2017, the Defendant filed a Motion to Dismiss Count Two of the Information ("Motion"). ECF No. 18. On March 1, 2017, the government filed a Response in Opposition to the Defendant's Motion ("Response"). ECF No. 21. At a status hearing on March 10, 2017, the court heard oral argument on the Motion. ECF No. 22. The matter has been briefed and is ripe for review. For the foregoing reasons, the Defendant's Motion is **DENIED.**

### I.

In its Response, the government makes the following allegations. At approximately 2:28 PM on October 17, 2016, upon responding to a call about an irate customer, law enforcement Officer Knight and Sergeant Prattis observed the Defendant "loudly arguing" with employees at the Navy Exchange Morale, Welfare, and Recreation Outdoor Rental Shop ("MWR"), located in Virginia Beach, Virginia. Resp. at 2. The Defendant was "loudly cursing and verbally abusing MWR employees who were attempting to help her return a pressure washer in her vehicle." Id. Eyewitnesses purportedly heard the Defendant say various things, including insults laced with swear words: statements ("or words to that effect") that she did not want to "f**king" see a particular employee, whom she referred to as an "a**hole"; that one employee "should be f**king fired" and was "a stupid b***h"; and "[f]**k the MWR, they all f**king s**t, she should die." Id.

Additionally, "Officer Knight and Watch Commander Master-at-Arms Solla (who had arrived on scene) detected a strong odor of alcohol emanating from her breath; bloodshot, watery, and glassy eyes; slurred and shouting speech; swaying while walking, and leaning against her vehicle, a grey in color Mitsubishi Outlander, for support," Id. at 3. The Defendant admitted to the officers that she owned and had driven the vehicle. Id. The Defendant performed several field sobriety tests, and her performance displayed "multiple clues of impairment." Id. Because the Defendant was allegedly uncooperative with the officer, the "finger-to nose" and "alphabet" tests were not performed. Id. Officer Knight administered a preliminary breath test that resulted in a positive BAC reading. Id. While waiting on this preliminary test result, the Defendant allegedly told a different officer, Wilson, "All this because I said I was going to report that white b***h!"; "That b***h is trying to cover her a**!"; and "I saw that b***h pick up that cooler over there but she won't help me? Talking bout medical won't let her!"[1] Id. At 3:45 PM, the Defendant was arrested for "driving while under the influence of alcohol." Id. The Defendant was later charged by a three-count Information with two additional offenses, Disorderly Con-

---

1. Or "words to that effect." Id.

duct and Intoxication in Public. ECF No. 1.

## II.

■■■ "A motion to dismiss tests whether the Criminal Information sufficiently charges an offense." United States v. Gosselin World Wide Moving N.V., 333 F.Supp.2d 497, 505 (E.D. Va. 2004), aff'd in part, rev'd in part and remanded, 411 F.3d 502 (4th Cir. 2005). The Defendant argues that Count Two of the Criminal Information, charging Disorderly Conduct under § 18.2–415 of the Code of Virginia (hereinafter "Disorderly Conduct statute"), "should be dismissed with prejudice because the other crimes proviso contained in that law precludes a conviction based on words or conduct" otherwise punishable under Title 18.2. Mot. at 2.

■■■ Under § 18.2–415, Disorderly Conduct "shall not be deemed to include the utterance or display of any words or to include conduct otherwise made punishable under [Title 18.2]." Va. Code § 18.2–415. Accordingly, disorderly conduct convictions are improper unless the conduct for which a defendant is convicted of disorderly conduct is "not punishable elsewhere in the criminal code." Battle v. Commonwealth, 50 Va.App. 135, 647 S.E.2d 499, 501 (2007). The question is thus whether a defendant's "convictable disorderly conduct was comprised solely of conduct" otherwise punishable under Title 18.2. Id. at 502. Importantly, the fact that a defendant's conduct could be prosecuted under a different part of Title 18.2 is insufficient. Id. at 501. "The [other crimes] proviso only applies when a rational factfinder could find the defendant guilty beyond a reasonable doubt for a Title 18.2 crime." Id.

At a threshold level, it is unclear whether the other crimes proviso's impact is properly considered at this time. The other crimes proviso "does not say a disorderly conduct charge must be dismissed anytime a defendant could be prosecuted under both the disorderly conduct statute and another provision of Title 18.2." Id. To evaluate whether a rational factfinder could find the defendant guilty beyond a reasonable doubt, the court must examine the sufficiency of the evidence.

Further, even if it were proper to dismiss a charge at this stage in order to comply with the other crimes proviso, it is still not apparent that the conduct underlying Count Two consisted solely of conduct otherwise punishable under Title 18.2. The Defendant implies that the conduct underlying Count Two of the Information was "profanely cursing and swearing while intoxicated." See Mot. at 4. The Defendant argues that this conduct was charged in Count Three of the Information, under § 18.2–388 (hereinafter "Public Intoxication statute"), which penalizes any person who "profanely curses or swears or is intoxicated in public." In pertinent part, the Disorderly Conduct statute provides that "[a] person is guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he ... [i]n any street, highway, public building, or while in or on a public conveyance, or public place engages in conduct having a direct tendency to cause acts of violence by the person or persons at whom, individually, such conduct is directed." § 18.2–415(A). In Battle, the court noted that 18.2–415(A) conduct "could not include cursing ... because that could only be punished, if at all, as fighting words under Code § 18.2–416." 647 S.E.2d at 502.

■■■ It is obvious that the Public Intoxication statute punishes intoxication while in public,[2] but the court declines to

---

2. While the Defendant's conduct as outlined in the Information included "profanely curs[ing] and swear[ing] while intoxicated," see Information at 2, it is not a requirement that a defendant be both cursing or swearing

construe the Public Intoxication statute to also punish profane cursing or swearing. Cf. Harrison, 426 Fed.Appx. at 180–81 (recognizing a plaintiff's "argument that Virginia Code § 18.2–388 is unconstitutional" as "compelling" where plaintiff had been charged for cursing at a police officer). Statutes that criminalize cursing have been held to violate the First Amendment. See, e.g., Lewis v. City of New Orleans, 415 U.S. 130, 134, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974). "Fighting words," however, can be criminalized without violating the Constitution. See, e.g., Chaplinsky v. New Hampshire, 315 U.S. 568, 573, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). No Virginia court has invalidated the "profane cursing or swearing" part of the Public Intoxication statute, but one court has invalidated a "parallel" city ordinance. See Harrison, 426 Fed.Appx. at 178 n. 4 (citing Burgess v. City of Va. Beach, 9 Va.App. 163, 385 S.E.2d 59, 60 (1989), overruled in part as recognized by Marttila v. City of Lynchburg, 33 Va.App. 592,535 S.E.2d 693, 697 n.5 (2000)). Moreover, even if profane cursing or swearing could be punished under the Public Intoxication statute without violating the First Amendment, it is not at all clear that such profane cursing or swearing could be punished under the Disorderly Conduct statute, which plainly states that it "shall not be deemed to include the utterance or display of any words."[3] The court declines, at this juncture, to dismiss Count Two based on the other crimes proviso of § 18.2–415.

### III.

Accordingly, the Defendant's Motion to Dismiss, ECF No. 18, is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Memorandum Order to the Federal Public Defender at Norfolk and to the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

---

and intoxicated to be charged under § 18.2–388. See, e.g., Harrison v. Deane, 426 Fed. Appx. 175, 178 (4th Cir. 2011) (Defendant charged with violation of § 18.2–388 for cursing alone).

3. Similarly, it is unclear whether the conduct underlying Count Two could be punished under Virginia Code § 18.2–416, which penalizes using abusive language to another, and which has been interpreted to apply to fighting words. See Battle, 647 S.E.2d at 502.